**Joseph N. ROMM, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 7622.**

United States Court of Appeals
Fourth Circuit.

Argued April 16, 1958.

Decided May 16, 1958.

Warren W. Grimes, Washington, D. C., for petitioner.

Arthur I. Gould, Atty., Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and I. Henry Kutz, Attys., Department of Justice, Washington, D. C., on the brief), for respondent.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and PAUL, District Judge.

SOBELOFF, Chief Judge.

For the second time the parties to this case are before us on petition to review a decision of the Tax Court. The sole question raised in the present proceeding is the scope of our mandate in the first.

Litigation between the taxpayer, Joseph N. Romm, and the Commissioner of Internal Revenue began after a de-

ficiency assessment was made for the years 1942 through 1946. The Tax Court sustained the assessed deficiencies and fraud penalties. In our review a number of issues were presented, and as to all but two the Tax Court was affirmed. Romm v. Commissioner of Internal Revenue, 4 Cir., 1957, 245 F.2d 730. Among the contested procedures with which we found no fault was the manner in which the Tax Court had applied the net worth method of computing income. In our opinion we noted that the only challenge to the net worth computation was that certain assets in the name of the taxpayer's wife had improperly been included in the husband's net worth. We held that their inclusion was not improper.

In only two minor respects did we order the Tax Court to modify its decision. Since the taxpayer and his wife had not filed joint returns, we held that she was not liable for the deficiencies. We also found that interest had been erroneously computed.

In accordance with our mandate, the Tax Court, on November 4, 1957, entered a decision dismissing the case against Romm's wife, and recomputing the interest. Romm then moved to stay the Tax Court's judgment and requested leave to file counter-recomputation under Rule 50 of the Tax Court's Rules of Practice.[1] Accordingly, Judge Mulroney of

---

1. Rule 50, Tax Court of the United States, 26 U.S.C.A. (I.R.C.1954) § 7453—

"*Computations by parties for entry of decision.*—

"(a) *Agreed computations.*—Where the Court has filed its opinion determining the issues in a case, it may withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Court's determination of the issues, showing the correct amount of the deficiency or overpayment to be entered as the decision. If the parties are in agreement as to the amount of the deficiency or overpayment to be entered as the decision pursuant to the report of the Court, they or either of them shall file promptly wtih the Court an original and two copies of a computation showing the amount of the deficiency or overpayment and that there is no

disagreement that the figures shown are in accordance with the report of the Court. The Court will then enter its decision.

"(b) *Procedure in absence of agreement.*—If, however, the parties are not in agreement as to the amount of the deficiency or overpayment to be entered as the decision, in accordance with the report of the Court, either of them may file with the Court a computation of the deficiency or overpayment believed by him to be in accordance with the report of the court. The Clerk will serve a copy thereof upon the opposite party, will place the matter upon a motion calendar for argument in due course, and will serve notice of the argument upon both parties. * * * If in accordance with this Rule computations are submitted by the parties which differ as to the amount

the Tax Court granted the taxpayer's request and set a hearing on the recomputations.

In his counter-recomputation, Romm arrived at an entirely new, and much lessened, tax liability. For the first time, he sought to reduce the annual increase in his net worth by the amount of deficiencies and penalties which had been subsequently asserted in respect to the several years involved.

The Tax Court rejected the counter-recomputation as raising new issues. It held that neither the mandate of this court nor Rule 50 would permit the belated injection of such new matter.

Romm's answer here is that he was not trying to raise "any new issues" within the meaning of the Tax Court's Rule 50, but that even if he was, the mandate of this court "compelled an entirely new decision," and that, therefore, the issue raised, even if new, should have been considered.

■ Our mandate was to the contrary of Romm's assertion, and the Tax Court did not err. This is not a case in which on reversal a new hearing was directed. We ordered only that the decision of the Tax Court be "modified as set forth in the opinion of the court filed herein * * *," and on all other matters the decision below was expressly affirmed. Judge Mulroney properly confined himself to the correction of the errors noted in the opinion, which was incorporated into our mandate. See: Peavy-Byrnes Lumber Co. v. Commissioner, 5 Cir., 1934, 86 F.2d 234; Helvering v. Kendrick Coal & Dock Co., 8 Cir., 1934, 72 F.2d 330.

We think Polizzi v. Commissioner of Internal Revenue, 6 Cir., 1957, 247 F.2d 875, relied on by Romm, inapposite. Until computations under Rule 50 were filed

in that case, the taxpayer was given no notice of the Commissioner's disapproval, as an insufficient joint return, of a return signed by the husband only, although it was clearly indicated on the face of the paper that it was intended to be a joint return. Because it was there considered that the Commissioner had misled the taxpayer by not putting him on notice earlier that the joint basis of computation was to be contested, the Sixth Circuit remanded the case for a new hearing and amendment of the pleadings.

Even if we should treat the present appeal as a motion to amend our mandate, Romm cannot prevail, for his basic claim is lacking in merit.

■ In the cases relied on by Romm, the courts held that, in determining the amount of corporate earnings and profits available for distribution as dividends, deficiencies and fraud penalties owing from the corporation to the government are to be subtracted from the earnings and profits. Cf. Drybrough v. Commissioner of Internal Revenue, 6 Cir., 1956, 238 F.2d 735; Stern Brothers & Co., 1951, 16 T.C. 295; Estate of Esther M. Stein, 1956, 25 T.C. 940. It was legal and proper to allow such an adjustment. Here credit is sought for Romm's own federal taxes and penalties, as a deduction from his annual increase in net worth. Whether income is ascertained by the net worth method of computation or otherwise, it is fundamental in our tax laws that a taxpayer may not deduct from his annual taxable income the amount of his federal tax or penalties; the Internal Revenue Code will not permit it. (1939 I.R.C.) § 23(c) (1) (a), 26 U.S.C.A. Cf. Holland v. United States, 1954, 348 U.S. 121, 125, 75 S.Ct. 127, 99 L.Ed. 150.

Affirmed.

---

to be entered as the decision of the Court, the parties will be afforded an opportunity to be heard in argument thereon on the date fixed, and the court will determine the correct deficiency or overpayment and enter its decision.

"(c) *Limits on argument under this Rule.*—Any argument under this Rule

shall be confined strictly to the consideration of the correct computation of the deficiency or overpayment resulting from the report already made, and no argument will be heard upon or consideration given to the issues or matters already disposed of by such report or any new issues. * * *"