JON R. POLLEI AND CAROL J. POLLEI, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

HARRY W. PATRICK AND RENEE L. PATRICK, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 28737-84, 28738-84.     Filed April 18, 1990.

*Steven D. Woodland,* for the petitioners.
*Ronald J. Gardner,* for the respondent.

## OPINION

GERBER, *Judge:* Petitioners have moved for litigation costs under section 7430.[1] This otherwise routine type of motion becomes unique here because we (the trial court) decided the case in favor of respondent and the appellate court reversed, finding in favor of petitioners. Petitioners were unable to seek fees at the trial level[2] and the appellate court did not expressly or implicitly remand the cases for any purpose other than entry of decision. Accordingly, petitioners now seek our jurisdiction and ask us to decide the litigation costs and fees issue. In these circumstances, we must first decide whether we have jurisdiction or authority to consider whether petitioners are entitled to costs and fees under section 7430. A brief chronological review of the underlying litigation is helpful to frame and focus upon this issue.

Respondent determined deficiencies in the 1981 Federal income tax of petitioners Jon R. Pollei and Harry W.

---

[1] All section references are to the Internal Revenue Code as amended and in effect for the period under consideration. All Rule references are to this Court's Rules of Practice and Procedure.

[2] As we will discuss more fully, *infra,* at the conclusion of these cases at the trial level, petitioners were not the "prevailing part[ies]" and not entitled to costs or fees. See sec. 7430(c)(2)(A) and Rules 230-233.

Patrick.[3] Petitioners were captains with the Salt Lake City Police Department. The income tax deficiencies resulted solely from the disallowance of tax credits and maintenance and operating expense deductions arising from petitioners' daily use of personally owned, unmarked police cars to travel between their residences and police headquarters. Respondent's position was that petitioners' daily round-trip travel between their homes and headquarters was a nondeductible personal commuting expense. Secs. 162, 262; sec. 1.262-1(b)(5), Income Tax Regs. This Court was petitioned to redetermine those tax deficiencies. Petitioners argued that their situation varied from the usual commuting case because, under police regulations, they were required to be on duty any time they entered their private, police-equipped cars and to provide police services during the time they were traveling between their homes and police headquarters. After a trial, we held for respondent, in essence, as follows:

Commuting is essential to most employees' employment, but is not a deductible expense. Commuting is one of the expenses that is so inherently personal that it cannot qualify for deductibility, irrespective of its role in the taxpayer's trade or business. *Moss v. Commissioner*, 80 T.C. 1073, 1080 (1983), affd. 758 F.2d 211 (7th Cir. 1985); *Fred W. Amend Co. v. Commissioner*, 55 T.C. 320, 325, 326 (1970), affd. 454 F.2d 399 (7th Cir. 1971); *Bakewell v. Commissioner*, 23 T.C. 803, 805 (1955).

Petitioners did not argue or prove that they incurred additional expense in driving to and from headquarters and their residences due to the requirement to call in or begin their "tour of duty." They simply argue that the travel time had been designated by the department as occurring during their "tour of duty."

[*Pollei v. Commissioner*, 87 T.C. 869, 873 (1986). Fn. ref. omitted.]

Our opinion was filed and served upon the parties on October 28, 1986. Petitioners appealed our decision to the U.S. Court of Appeals for the Tenth Circuit. The Court of Appeals, relying upon *Christey v. United States*, 841 F.2d 809 (8th Cir. 1988), and *Sibla v. Commissioner*, 611 F.2d 1260 (9th Cir. 1980), affg. 68 T.C. 422 (1977) and 67 T.C. 870 (1977), reversed, holding that "the employment conditions imposed upon petitioners caused them to incur expenses in maintaining and operating their personally-owned

---

[3]Although not identified as petitioners in the text of this opinion, Carol J. Pollei and Renee L. Patrick are also parties in these actions.

vehicles while traveling to and from [police] headquarters and that such expenses should be deductible under section 162(a)." *Pollei v. Commissioner,* 877 F.2d 838, 842 (10th Cir. 1989). On June 13, 1989, the Court of Appeals entered judgment for petitioners.

Soon after judgment was entered, petitioners filed a motion with the Court of Appeals requesting that they be awarded their costs under 28 U.S.C. sections 1920 and 2412 (1982) and attorneys' fees incurred in the appeal under section 7430, and that the court issue an order directing "the United States Tax Court to award [petitioners] their costs and attorneys fees incurred in the trial of this matter in the United States Tax Court pursuant to [section] 7430."[4] On August 4, 1989, petitioners also filed a similar

---

[4]Sec. 7430 provides, in pertinent part, as follows:

SEC. 7430 (a). IN GENERAL.—In the case of any civil proceeding which is—

(1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and

(2) brought in a court of the United States (including the Tax Court and the United States Claims Court),

the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding.

\* \* \* \* \* \* \*

(c) DEFINITIONS.—For purposes of this section—

(1) REASONABLE LITIGATION COSTS.—

(A) IN GENERAL.—The term "reasonable litigation costs" includes—

(i) reasonable court costs,

(ii) the reasonable expenses of expert witnesses in connection with the civil proceeding,

(iii) the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and

(iv) reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding.

\* \* \* \* \* \* \*

(2) PREVAILING PARTY.—

(A) IN GENERAL.—The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—

(i) establishes that the position of the United States in the civil proceeding was unreasonable, and

(ii)(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented.

The Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551(d), 100 Stat. 2085, 2752, amended sec. 7430(c)(2)(A)(i) by changing the "unreasonable" standard to a "not substantially justified" standard for amounts paid after Sept. 30, 1986, in civil actions or proceedings commenced after Dec. 31, 1985. However, this and other courts have held that the "substantially justified" standard is not a departure from the "reasonableness" standard. *Sokol v.Commissioner,* 92 T.C. 760, 764 n. 7 (1989); *Sher v. Commissioner,* 89 T.C. 79, 84 (1987), and cases cited therein, affd. 861 F.2d 131 (5th Cir. 1988). Furthermore, the Technical and Miscellaneous

motion with this Court requesting that we award them their trial court costs.[5] By an order filed August 30, 1989, the Court of Appeals "denie[d] the application for attorneys fees" and "award[ed] [petitioners'] costs for docket fees and brief reproduction [incurred during the appeal] in the amount of $335.63." The Court of Appeals issued no other commentary with respect to petitioners' motion.

Our jurisdiction or authority to consider petitioners' motion is a fundamental and threshold issue which neither party has addressed. Our sua sponte inquiry was prompted because the Court of Appeals was asked to decide and/or to remand on the issue of litigation costs and fees; it issued an order with respect to that request; and it did not issue a mandate or otherwise remand these cases back to this Court to consider any issue or take any further action, other than the implicit requirement that we enter a decision for petitioners.[6] Although petitioners requested that the Court of Appeals direct us to award petitioners the costs they incurred in litigating at the trial level, the Court of Appeals (without explanation) did not grant petitioners' request and only awarded petitioners a portion of the costs incurred during the appeal.

Pursuant to section 7482(a), the U.S. Courts of Appeals[7] have exclusive jurisdiction to review the decisions of the Tax Court. Such review shall be in the same manner and to the same extent as decisions of the District Courts in civil actions tried without a jury. Sec. 7482(a)(1). Upon such

---

Revenue Act of 1988, Pub. L. 100-647, sec. 6239, 102 Stat. 3342, 3743, redesignated the provisions of sec. 7430(c)(2)(A), as applicable herein, as sec. 7430(c)(4)(A) for proceedings commenced after Nov. 10, 1988.

[5]The parties in this case were allowed to file briefs addressing this matter and the last brief was filed Feb. 12, 1990.

[6]It has been this Court's experience that Courts of Appeals frequently do not issue an express mandate in an opinion or in a separate order. In other words, where a holding has been reversed, the Circuit Court so states in its opinion or judgment which is served upon this Court and we, in turn, effectuate the mandate by issuance of our decision in accord with sec. 7481(a)(3). That is what occurred in this case. The Court of Appeals, in its holding, simply recited that our holding was reversed. The issue that we are confronted with, however, arises because the Court of Appeals did not grant petitioners' motion to direct the trial court to consider the issue of litigation costs and fees at the trial level. We must consider whether that precludes or preempts our consideration of this fee issue.

[7]Other than the U.S. Court of Appeals for the Federal Circuit.

review, the Courts of Appeals "shall have power to affirm or, if the decision of the Tax Court is not in accordance with law, to modify or to reverse the decision of the Tax Court, with or without remanding the case for a rehearing, as justice may require." Sec. 7482(c); see also 28 U.S.C. sec. 2106 (1982).

The general rule is that perfection of an appeal operates to transfer jurisdiction of the case to the Court of Appeals—that is, the jurisdiction of the trial court ceases and that of the Court of Appeals begins. Once an appeal is commenced, the trial court is generally without authority to act upon matters relating to the subject matter of the appeal until the mandate from the appellate court is returned. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985); *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56 (1982); *Garcia v. Burlington Northern Railroad,* 818 F.2d 713 (10th Cir. 1987); *Hunter Douglas Corp. v. Lando Products,* 235 F.2d 631, 632-633 (9th Cir. 1956). The purpose underlying this general rule is to avoid confusion and inefficient use of limited judicial resources that may result from two courts simultaneously considering the same issues. *Matter of Thorp,* 655 F.2d 997 (9th Cir. 1981); *Matter of Combined Metals Reduction Co.,* 557 F.2d 179 (9th Cir. 1977); see also *Griggs v. Provident Consumer Discount Co., supra* at 58-59.

There are, however, limited exceptions to this general rule. Even though a judgment on the merits has been properly appealed and is pending in the Court of Appeals, the lower court may retain jurisdiction over certain matters, without appellate court approval or sanction, such as those that are collateral to the appeal, in aid of the appeal, to correct clerical mistakes, in aid of execution of a judgment that has not been superseded, and to maintain the status quo between the parties pending the appeal. See, e.g., *N.L.R.B. v. Cincinnati Bronze, Inc.,* 829 F.2d 585 (6th Cir. 1987); *Krull v. Celotex Corp.,* 827 F.2d 80 (7th Cir. 1987); *Garcia v. Burlington Northern Railroad, supra; Piamco, Inc. v. Shell Oil Co.,* 799 F.2d 262 (7th Cir. 1986); *Island Creek*

*Coal Sales Co. v. City of Gainesville,* 764 F.2d 437 (6th Cir. 1985); *Venen v. Sweet,* 758 F.2d 117 (3d Cir. 1985); *National Service Industries, Inc. v. Vafla Corp.,* 694 F.2d 246 (11th Cir. 1982); *Davis v. United States,* 667 F.2d 822 (9th Cir. 1982); *Matter of Thorp, supra; Hoffman for and on behalf of N.L.R.B. v. Beer Drivers & Salesmen's Local Union No. 888,* 536 F.2d 1268 (9th Cir. 1976); see also *Home Group, Inc. v. Commissioner,* 92 T.C. 940 (1989). The awarding of attorneys' fees and costs is generally considered collateral to the appeal of the merits of a case. See, e.g., *Krull v. Celotex Corp., supra; Thomas v. Capital Security Services, Inc.,* 812 F.2d 984 (5th Cir. 1987); *Venen v. Sweet, supra; League of Women Voters of Cal. v. F.C.C.,* 751 F.2d 986 (9th Cir. 1985); *Masalosalo by Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955 (9th Cir. 1983); *Rothenberg v. Security Management Co.,* 677 F.2d 64 (11th Cir. 1982); but see *Janicki v. Pizza,* 501 F. Supp. 312 (N.D. Ohio 1980).

A lower court's authority to address any issues after an appeal is completed, however, is generally limited by any action taken by the appellate court with respect to those issues during the appeal. A holding on an issue by an appellate court must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court. This rule, which has been referred to as the "law of the case" doctrine, generally operates to preclude a reexamination of issues decided upon appeal, either by the lower court on remand or by the appellate court itself upon a subsequent appeal. See, e.g., *Quern v. Jordan,* 440 U.S. 332, 347 n. 18 (1979); *In re Sanford Fork & Tool Co.,* 160 U.S. 247 (1895); *Rutherford v. United States,* 806 F.2d 1455 (10th Cir. 1986); *Estate of Whitlock v. Commissioner,* 547 F.2d 506 (10th Cir. 1976). The issues which the lower court is precluded from considering include those that were decided by the appellate court expressly or by necessary implication. *United States v. White,* 846 F.2d 678 (11th Cir. 1988); *Rutherford v. United States, supra; Matter of Beverly Hills Bancorp,* 752 F.2d 1334 (9th Cir. 1984); *Doe v. New York City Dept. of Social Services,* 709

F.2d 782 (2d Cir. 1983); *Gray Panthers v. Schweiker,* 716 F.2d 23 (D.C. Cir. 1983); *Estate of Whitlock v. Commissioner, supra.*

In this regard, the lower court is bound not only by the appellate court's determinations but by the appellate court's mandate. *Rutherford v. United States, supra; Doe v. New York City Dept. of Social Services, supra; Maggard v. O'Connell,* 703 F.2d 1284 (D.C. Cir. 1983). The lower court's duty on remand is to carry out the decree of the appellate or higher court. The trial court cannot give other or further relief, review any matter decided on appeal for error apparent, or otherwise intermeddle with the higher court's decree. The trial court on remand is guided and confined by the higher court's decree and direction. The lower court, however, may consider and decide any matters left open by the mandate.[8] *In re Sanford Fork & Tool Co., supra; Rutherford v. United States, supra.*

Early in the history of this Court, the Board of Tax Appeals had occasion to decide an issue somewhat similar to the one confronting us now. See *Peavy-Byrnes Lumber Co. v. Commissioner,* 31 B.T.A. 985, 987-993 (1935), affd. 86 F.2d 234 (5th Cir. 1936). In that case, the taxpayer appealed the Board's holding to the U.S. Court of Appeals for the Fifth Circuit. The Court of Appeals reversed the Board's holding and remanded the case " 'with directions to redetermine petitioner's tax liability in accordance with its finding' " and upon a specific basis set out both in the Court's opinion and in the mandate. 31 B.T.A. at 986, quoting 69 F.2d 712, 714 (5th Cir. 1934). The case had been remanded for the sole purpose of the Board's making a mathematical calculation according to a formula stated in

---

[8]The law of the case doctrine, however, has its exceptions. A decision of an appellate court may not be binding upon the lower court under certain limited and exceptional circumstances. Included are situations where the evidence produced in a subsequent trial held on remand is substantially different from that of the trial that resulted in the appeal, controlling authority has since made a contrary decision of the law applicable to the issues decided on appeal, and the decision of the appellate court was clearly erroneous and would work a manifest injustice. *Bloom v. International Brotherhood of Teamsters Local 468,* 752 F.2d 1312 (9th Cir. 1984); *United States v. Williams,* 728 F.2d 1402 (11th Cir. 1984); *Otten v. Stonewall Insurance Co.,* 538 F.2d 210 (8th Cir. 1976). See also *Standard Oil Co. of Cal. v. United States,* 429 U.S. 17 (1976), where the Supreme Court held that a judgment entered in accordance with an appellate court's mandate may be reopened by the lower court under Fed. R. Civ. P. 60(b) without appellate court leave for purposes of considering later events. But see *United States v. Fernandez,* 506 F.2d 1200 (2d Cir. 1974).

the mandate, and for entering judgment in accord therewith. On remand, the taxpayer moved the Board for leave to amend its pleading to present a new issue not previously raised and considered by the Board or the Court of Appeals. The new issue would have required the introduction of additional evidence. If the new issue was decided in the taxpayer's favor, it would have altered the amount of tax liability that would have been calculated under the appellate court's formula and mandate. The Board ruled that it did not have authority to adjudicate the new issue, holding as follows:

> The rule seems to be well settled by the weight of authority that an inferior tribunal, upon remand of a cause by an appellate court, can not take any action not reasonably within the express or implied directions of the reviewing court. Upon entry of our decision on November 10, 1932, the proceeding was fully and finally disposed of so far as concerned this Board, and upon appeal to the Circuit Court our general jurisdiction over the case then and there was ended. When our decision was reversed and the case remanded our jurisdiction was restored only to the extent necessary to carry out the court's directions. The case of *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, clearly states the rule as follows:

> When a case has been once decided by this court on appeal, and remanded to the Circuit Court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The Circuit Court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. The court can not vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.

> [31 B.T.A. at 987. See also *Amerada Hess Corp. v. Commissioner*, 65 T.C. 1161 (1976); *Romm v. Commissioner*, 255 F.2d 698 (4th Cir. 1958), affg. an unreported Order of this Court.]

The Board in *Peavy-Byrnes Lumber* also relied upon *Kansas City Southern Railway v. Guardian Trust Co.*, 281 U.S. 1 (1930), a case that is analogous to the present proceeding. In that case, the Court of Appeals was asked to reverse the decree of the lower court and award the appellant its costs, plus those as between "solicitor and client" (i.e., attorneys' fees), or in the alternative, that a final decree be without prejudice to enable the appellant to sue for such expenses. The Court of Appeals reversed the lower court and in responding to the costs and attorneys'

fees question, stated " 'our conclusion is that our just course is to leave the taxation of costs to the court below under the principles, rules, and practice in equity,' " and " 'as a conclusion of the whole matter,' " the Court of Appeals gave directions for the entry of a specific decree with "costs." 281 U.S. at 7, quoting *Central Improvement Co. v. Cambria Steel Co.,* 210 F. 696, 723 (8th Cir. 1913). The Supreme Court affirmed the decree of the Court of Appeals. The mandate from the Supreme Court set out the decree of the Court of Appeals, ordered that it be affirmed, and remanded the case to the District Court. On remand to the District Court, the party that prevailed on appeal requested that it be awarded its costs, plus those between "solicitor and client." The District Court held that the proper construction of the decree of the Court of Appeals limited recovery of costs to those taxable between "party and party," with none allowed for costs between "solicitor and client." On appeal of this decree, the Court of Appeals, apparently assuming that its decree and the mandate of the Supreme Court authorized the District Court to award costs as between "solicitor and client," reversed the decree. Appeal was then again taken to the Supreme Court to decide whether the District Court had jurisdiction or authorization to award costs as between "solicitor and client." In reversing the Court of Appeals and affirming the District Court, the Supreme Court held as follows:

> The decree here affirmed required the "taxation of costs * * * under the principles, rules and practice in equity." It undoubtedly covered ascertainment of amounts taxable between party and party. There was no specific reference to any additional allowance. The language used disclosed no intention to require more than the usual taxation. * * *
>
> For the proper construction of the decree under consideration, regard is to be had to the issues before the court on appeal, the findings applied for and the directions given. * * *
>
> * * * The failure of the court [of appeals] to make the requested special finding, to adopt the alternative suggestion or to take any action in reference to the parts of the application relating to the [prevailing party's] damages and expenses in the injunction suits goes to show a purpose to deny any recovery of expenses in addition to the costs which under established practice are taxable as between party and party. And the opinion makes it clear that the decree directed to be entered below was intended to be an end of the whole matter. It is plain that the

stockholders' application was denied and that the decree did not authorize or permit the taxation of costs as between solicitor and client.

The mandate required the execution of the decree. The District Court could not vary it or give any further relief. * * * That court was right in holding that, by the decree of the Circuit Court of Appeals and the mandate of this court, the costs recoverable * * * were limited to those taxable between party and party.

[Citations omitted. 281 U.S. at 9-11; see also *Briggs v. Pennsylvania Railroad*, 334 U.S. 304 (1948).]

In the cases before this Court, petitioners first presented the costs issue to the Court of Appeals after prevailing on appeal. It was at that point that the awarding of costs under section 7430 became ripe for decision. Pursuant to section 7430(c)(2)(A) and Rule 231,[9] petitioners were precluded from requesting that we award them litigation costs after the trial of this case. At that time, petitioners had not "substantially prevailed" for purposes of allowing them to move this Court for the awarding of litigation costs under section 7430. See *supra* note 4.

In petitioners' motion, the Court of Appeals was requested to award petitioners their costs under 28 U.S.C. sections 1920 and 2412 (1982) and attorneys' fees for prosecuting the appeal under section 7430, and to "direct the United States Tax Court to award [petitioners] their costs and attorneys fees incurred in the trial of this matter in the United States Tax Court pursuant to [section] 7430." In response, the Court of Appeals awarded costs in the amount of $335.63 and denied the application for attorneys' fees. Under these circumstances, we find that (1) we do not have jurisdiction or authority to grant petitioners' motion for costs because the Court of Appeals did not issue a mandate or otherwise remand the case to us to consider that issue, although requested to do so; and (2) under the "law of the case" doctrine, the Court of Appeals has implicitly and in effect denied what petitioners are requesting here, thereby precluding us from addressing these matters further.

---

[9]Rule 231 provides, in pertinent part, as follows:

(a) Time and Manner of Claim: * * *

(2) *Unagreed Cases:* Where a party has substantially prevailed and wishes to claim reasonable litigation costs, and there is no agreement as to that party's entitlement to such costs, a claim shall be made by motion filed—

(i) Within 30 days after the service of a written opinion determining the issues in the case;

When we entered our decision after the trial of these cases, the proceeding was fully and finally disposed of so far as this Court's involvement, and upon appeal to the Court of Appeals for the Tenth Circuit, our general jurisdiction over the cases then and there ended. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373 (1985); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982); *Peavy-Byrnes Lumber Co. v. Commissioner*, 31 B.T.A. at 987. This is not a situation where the trial court retains jurisdiction over the awarding of costs even after appeal has been taken. Collateral jurisdiction over this issue was precluded because petitioners were not the prevailing party in the Tax Court and, therefore, had no standing to apply for costs under section 7430 at the end of the Tax Court proceeding. See *supra* note 4. Thus, our jurisdiction over the Tax Court proceeding ended. When our decision was later reversed, the Court of Appeals entered judgment and made no attempt to restore our jurisdiction for any purpose, including to consider the awarding of costs to petitioners. Although petitioners were first permitted to request costs during appeal, the Court of Appeals, without explanation, did not award them costs under section 7430, did not issue a mandate regarding trial court costs, and did not remand these matters to us for our consideration of this or any other issue, even after petitioners so requested. The Court of Appeals concluded its consideration of these cases and made its judgment final, with the possible exception of a rehearing en banc or appeal to the Supreme Court.

Where the merits of a case have been decided upon an appeal, the trial court must proceed in accordance with the direction contained in the mandate. The trial court is without jurisdiction to act on any issue unless the mandate, at least implicitly, allows for consideration of the issue. *In re Sanford Fork & Tool Co.*, 160 U.S. at 255; *Mackall v. Richards*, 116 U.S. 45, 47 (1885); *Rutherford v. United States, supra; Gibbons v. Brandt*, 181 F.2d 650, 651 (7th Cir. 1950); *In re Chicago, R. I. & P. Railway*, 162 F.2d 257, 258 (7th Cir. 1947); *Mays v. Burgess*, 152 F.2d 123, 124 (D.C. Cir. 1945). As the Supreme Court held in *Kansas City Southern Railway v. Guardian Trust Co.*, 281 U.S. at 11: Where an appellate court provides for some costs and is

silent as to others, "It is plain that the [application for those other costs] was denied and that the decree did not authorize or permit the taxation of [those other] costs" by the lower court. Accordingly, because the Court of Appeals only awarded some costs and ordered judgment for petitioners, did not issue a mandate regarding trial court costs, either expressly or implicitly, and did not remand these cases to us for this or any purpose other than entry of decision, we do not have jurisdiction or authority to consider petitioners' motion for costs and attorneys' fees under section 7430.[10]

The "law of the case" doctrine precludes our reexamination of issues that have been decided expressly or by necessary implication by a superior court on appeal. *In re Sanford Fork & Tool Co.*, 160 U.S. 247 (1895). In the present cases, petitioners asked the Court of Appeals to award them attorneys' fees that were incurred during the appeal and to direct us to award them costs and attorneys' fees incurred during the Tax Court proceeding. Although we cannot say that petitioners' request for a mandate regarding fees was *expressly* denied by the Court of Appeals, we are convinced, by "necessary implication," that this is what the Court of Appeals intended.[11] If the appellate court wished our consideration of this issue, its mandate could have issued to that effect. To properly construe the appellate court's decree, "regard is to be had to the issues before the court on appeal, the findings applied for and the directions given." *Kansas City Southern Railway v. Guardian Trust Co.*, 281 U.S. 1, 10 (1930). The failure of the Court

---

[10]Our reliance on the fact that the Court of Appeals did not issue a mandate or remand the case to this Court is not a matter of semantics. This is not a situation where the appellate court, although failing to remand, has otherwise provided the lower court with some direction or instruction. Compare *Estate of Whitlock v. Commissioner*, 547 F.2d 506, 510 (10th Cir. 1976), where the Court of Appeals held that although the mandate to the Tax Court did not specifically remand the case with directions to enter a new decision in accord with the Court of Appeals' opinion or contain any other instructions, "The opinion of the appellate court may be consulted to ascertain the intent of the mandate." In the present case, there was no mandate, remand, or other instruction to this Court regarding trial court fees and costs.

[11]Petitioners could have moved the Court of Appeals to reconsider, amend, or clarify its order, but they did not do so. See *Briggs v. Pennsylvania Railroad*, 334 U.S. 304, 306 (1948); *Estate of Whitlock v. Commissioner, supra,*

of Appeals to grant petitioners' request or to take any action in reference thereto goes to show a purpose to deny petitioners any award for costs under section 7430. *Kansas City Southern Railway v. Guardian Trust Co., supra.*

One might argue that the Court of Appeals' failure to grant petitioners' motion or request that the costs and fees matter be remanded to this Court for further proceedings is not dispositive of that issue. But we find the effective denial here to be dispositive because it was within the authority of the Court of Appeals to remand this matter for our consideration when requested to do so. We distinguish the case of *Liberty Mutual Insurance Co. v. E.E.O.C.,* 691 F.2d 438 (9th Cir. 1982), where the court found that its silence on a costs issue, although raised by the parties, did not amount to an implicit denial of costs. The court held that there was "no reason, however, why our earlier silence did not simply leave the matter of costs open for consideration by the district court on remand." 691 F.2d at 441. Unlike *Liberty,* where the appellate court's remand apparently did not foreclose the lower court from considering the costs issue, in our case the appellate court was specifically asked to remand the case to allow this Court to address the costs issue, and it did not. One can hardly say that this silence has left the matter of costs open for consideration by the trial court on remand.

If petitioners had not requested the Court of Appeals to remand or for relief on the costs and fees issue at the trial level, it would then appear that the matter would be within our authority for consideration and decision. It could then be construed that the collateral issue concerning costs and fees was "left open" by the mandate even though there was no remand for that purpose. In a per curiam opinion, the Supreme Court indicated that its silence on fees (under section 4 of the Clayton Act) did not dispose of the matter and left the lower courts free to consider that collateral matter after its final judgment on the merits of the case. *Perkins v. Standard Oil Co.,* 399 U.S. 222, 223 (1970). It should be noted that the silence in *Perkins* was apparently due to the failure of the parties to advance the issue at the

Supreme Court level. We are accordingly without jurisdiction or authority to reexamine the costs and fees issue.[12]

*Appropriate orders and decisions will be issued.*

---

[12]We note for the possible convenience of and assistance to the Court of Appeals that upon remand we would have decided the sec. 7430 fees and costs issue adversely to petitioners. We address here what we believe to be a rare circumstance. In order for petitioners to be successful, they must show that the Government's position was "unreasonable" in a setting where the Government's position was sustained by the lower court and then reversed by an appellate court. Although that possibility may on occasion occur, its likelihood is small.

Sec. 7430(a) generally provides that a "prevailing party" in a court proceeding may be awarded "reasonable litigation costs." For proceedings, such as the present one, that commenced before Jan. 1, 1986, sec. 7430(c)(2)(A)(i) defines "prevailing party," in pertinent part, as any party to a court proceeding which "establishes that the position of the United States in the civil proceeding was unreasonable."

Respondent's position in this litigation was that the expenses petitioners incurred in traveling between their respective homes and police headquarters were personal commuting expenses and, therefore, not deductible. Respondent relied upon secs. 162, 212, and 262, the regulations promulgated thereunder, and established case law such as *Fausner v. Commissioner*, 413 U.S. 838 (1973), and *Commissioner v. Flowers*, 326 U.S. 465 (1946). However, there was no case or regulations addressing whether expenses incurred by police officers in commuting between their homes and police headquarters were deductible when being required to use their personally owned, unmarked police cars. In fact, the case authority available at the time generally indicated that commuting expenses were not deductible even if there was some additional business-related purpose for the commute, provided, however, that additional expenses were not incurred. See *Fausner v. Commissioner, supra.* Respondent's arguments were, therefore, rational and sound. The fact that respondent ultimately was unsuccessful in litigation does not automatically render his position unreasonable.

The cases considered by the Court of Appeals do not directly address the same issue or establish that respondent's position was unreasonable. *Christey v. United States*, 841 F.2d 809 (8th Cir. 1988), which involved the deductibility of expenses incurred by State highway troopers for on-duty meals, was decided subsequent to our opinion and the commencement of the appeal in this case. Likewise, *Sibla v. Commissioner*, 611 F.2d 1260, 1266 (9th Cir. 1980), affg. 68 T.C. 422 (1977) and 67 T.C. 870 (1977), was decided by a divided panel of the Court of Appeals for the Ninth Circuit. In dissenting, Judge Kennedy was of the opinion that the expenses at issue (fireman's share of expenses of a mandatory organized mess at the firehouse) were not business expenses. Similarly, in the Tax Court only a plurality of 7 out of 15 judges found that the expenses were business expenses. Respondent's challenge of petitioners should not be regarded as the advocacy of an unreasonable or irresponsible legal position. See *Cherry v. United States*, 4 Cl. Ct. 20, 23 (1983).

We also note that we have not reached the question of the reasonableness of petitioners' claim for $12,251.10 in legal costs and fees in connection with the representation of cases at the trial level involving combined income tax deficiencies of $979.30. The reasonableness of the fees and costs would not be reached unless it was first decided that respondent's position was unreasonable.