JAMES A. WIDTFELDT, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Widtfeldt v. Comm'r
Docket No. 19259-11.
United States Tax Court
2011 U.S. Tax Ct. LEXIS 54; October 19, 2011, Entered
*54 For Respondent: Douglas S. Polsky, Kansas City, MO.
John O. Colvin, Chief Judge.
John O. Colvin
ORDER OF DISMISSAL FOR LACK OF JURISDICTION
On July 9, 2010, petitioner James A. Widtfeldt filed a petition at docket No. 15907-10 in which he disputed respondent's determinations of the deficiencies in the gift tax of decedent Gusteva E. Widtfeldt and the estate tax of decedent Gusteva E. Widtfeldt's estate. On August 3, 2011, petitioner filed an amended petition. Both Mr. Widtfeldt's petition and amended petition at docket No. 15907-10 sought review of the deficiency notice dated May 5, 2010, issued to decedent and decedent's estate with respect to their respective gift and estate tax liabilities. That notice of deficiency was issued by respondent in care of Mr. Widtfeldt as statutory executor of decedent's estate. On May 16, 2011, the Court entered an Order of Dismissal and Decision at docket No. 15907-10 which (1) granted respondent's motion to dismiss for lack of prosecution, and (2) held decedent and decedent's estate were liable for the deficiencies in gift tax and estate tax and additions to tax determined against them by respondent in that deficiency notice. That May 16, 2011, Order *55 of Dismissal and Decision at docket No. 15907-10 is currently on appeal by Mr. Widtfeldt to the U.S. Court of Appeals for the Eighth Circuit.
On August 15, 2011, petitioner filed a second petition commencing this case at docket No. 19259-11 which essentially challenges the same May 5, 2010, deficiency notice upon which the case at docket No. 15907-10 is based. That second petition document (which was inadvertently filed as a petition at docket No. 19259-11 rather than being returned to petitioner as an improper document to be filed with this Court in the case at docket No. 15907-10) is entitled "PETITION FOR DISCIPLINE OF JUDGE KROUPA, NULLIFICATION OF ORDERS EMANATING FROM APRIL 26, 2011 "TRIAL" REFUND OF $191,000 PAID IN 1998-1999 TO PAY GUSTEVA AND ALBERT DEATH TAXES". That second petition document asserts, in pertinent part:
3. I disagree with the entire determination by the IRS and by Judge Kroupa [in the case at docket No. 15907-10] because James Widtfeldt was not allowed to present any evidence, not allowed to subpoena any witnesses, including agent Welp who previously presided over a full settlement of the same matter and payment in full, in advance of Gusteva Widtfeldt death *56 tax, Judge Kroupa was flagrantly rude at all times during the trial, and the case was conducted like Judge Kroupa had no legal training whatever, but was instead attempting to be rude and insulting.
4. I want James Widtfeldt case conducted as a regular case, but without Judge Kroupa as the presiding judge, and so that James Widtfeldt is able to present evidence, and witnesses, to the previous payment in full of the tax. Judge Kroupa bears every indication of being totally unfit to conduct any court cases.
5. *57 James Widtfeldt disagrees with the IRS determination of the case because it was supposed to be a trial, yet James Widtfeldt was not allowed to present witnesses or evidence including the prior determination by Agent Arthur Welp which fully approved all the previous transactions including payment in full of the tax, during the years 1998 through 2002. Because Gusteva Widtfeldt survived her expected date of death in 1998 at the time the settlement was made and paid, and Gusteva's medicals consumed the remainder of both her and Albert's estate, no taxes were ultimately due at all, and anything paid must be refunded with interest and penalties to James Widtfeldt. See attached Welp letters.
On October 7, 2011, respondent filed a Motion To Dismiss for Lack of Jurisdiction at docket No. 19259-11 on the ground this Court lacks jurisdiction of this case under I.R.C. section 7442. Among other things, in his motion to dismiss respondent notes that: (1) The petition at docket No. 19259-11 specifically deals with the issues involved in the case at docket No. 15907-10; (2) on June 6, 2011, Mr. Widtfeldt filed a notice of appeal at docket No. 15907-10 to the Court of Appeals for the Eighth Circuit, *58 which appeal is still pending; and (3) all of the issues asserted in this case at docket No. 19259-11 are more appropriately addressed, if at all, with the Court of Appeals for the Eighth Circuit regarding Mr. Widtfeldt's appeal of docket No. 15907-10 pending before that Court of Appeals.
The general rule is that perfection of an appeal operates to transfer jurisdiction of the case to the Court of Appeals--that is, the jurisdiction of the trial court ceases and that of the Court of Appeals begins. Once an appeal is commenced, the trial court is generally without legal authority to act upon matters relating to the subject matter of the appeal until the mandate from the appellate court is returned. The purpose underlying this general rule is to avoid confusion and inefficient use of limited judicial resources that may result from two courts simultaneously considering the same issues. See Pollei v. Commissioner, 94 T.C. 595, 600 (1990), and cases cited therein.
It appears to the Court from an examination of the records in the cases at docket Nos. 15907-10 and 19259-11 that: (1) petitioner at docket No. 19259-11 is disputing the same gift tax and estate tax liabilities sustained against *59 decedent and decedent's estate by the Tax Court in its Order of Dismissal and Decision entered at docket No. 15907-10 on May 16, 2011; (2) that Order of Dismissal and Decision at docket No. 15907-10 is currently on appeal by Mr. Widtfeldt to the Court of Appeals for the Eighth Circuit; (3) as a result of that appeal, the Tax Court lacks jurisdiction with respect to the cases at docket Nos. 15907-10 and 19259-11; and (4) the second petition that petitioner submitted on August 15, 2011, should not have been filed by this Court as the petition commencing the case at docket No. 19259-11.
The foregoing considered and for cause, it is
ORDERED that respondent's Motion To Dismiss for Lack of Jurisdiction, filed at docket No. 19259-11 on October 7, 2011, is granted in that docket No. 19259-11 is dismissed for lack of jurisdiction because the case at docket No. 15907-10 is on appeal by Mr. Widtfeldt to the Court of Appeals for the Eighth Circuit and the Tax Court lacks legal authority to act upon matters relating to the subject matter of that appeal.
(Signed) John O. Colvin
Chief Judge
ENTERED: OCT 19 2011