T.C. Memo. 2012-142

UNITED STATES TAX COURT

PETALUMA FX PARTNERS, LLC, RONALD SCOTT VANDERBEEK, A
PARTNER OTHER THAN THE TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 24717-05.                    Filed May 17, 2012.

        This case is before the Court on remand.  Petaluma FX Partners,
LLC v. Commissioner, 2012 U.S. App. Lexis 4011 (D.C. Cir. Feb. 27,
2012), remanding without published opinion 135 T.C. 581 (2010).  We
are instructed by the Court of Appeals for the District of Columbia
Circuit to determine whether our decision in Tigers Eye Trading, LLC
v. Commissioner, 138 T.C. ___  (Feb. 13, 2012), "altered or
overruled" our decision in Petaluma FX Partners, LLC v.
Commissioner, 135 T.C. 581 (2010) (Petaluma III), on remand from
591 F.3d 649, 656 (D.C. Cir. 2010) (Petaluma II), aff'g in part, rev'g
in part and remanding on penalty issues 131 T.C. 84 (2008), and to
explain the current status of Petaluma III.

_____

        [*]This opinion supplements our previously filed Opinion Petaluma FX
Partners, LLC v. Commissioner, 135 T.C. 581 (2010), remanded without published
opinion, 2012 U.S. App. Lexis 4011 (D.C. Cir. Feb. 27, 2012).

Held: Tigers Eye did not expressly or implicitly alter or overrule Petaluma III; rather, Tigers Eye recognized that Petaluma III was rendered: (1) under the strict constraints of the law of the case doctrine and the rule of mandate; and (2) without consideration of Mayo Found. for Med. Educ. & Research v. United States, 562 U.S. __, 131 S. Ct. 704 (2011), and Intermountain Ins. Serv. of Vail, LLC v. Commissioner, 650 F.3d 691 (D.C. Cir. 2011), rev'g and remanding 134 T.C. 211 (2010), supplementing T.C. Memo. 2009-195, vacated and remanded, ___ S. Ct. ___, 2012 WL 1468531 (Apr. 30, 2012).

Held, further, the current status of Petaluma III remains unchanged.

Edward M. Robbins, Jr., for petitioner.

Gerald A. Thorpe and Jason M. Kuratnick, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

GOEKE, Judge: This matter is before this Court on remand from the Court of Appeals for the District of Columbia Circuit (D.C. Circuit or court) for a determination of whether our decision in Tigers Eye Trading, LLC v. Commissioner, 138 T.C. ___ (Feb. 13, 2012), "altered or overruled" our decision in Petaluma FX Partners, LLC v. Commissioner, 135 T.C. 581 (2010) (Petaluma III), on remand from 591 F.3d 649, 656 (D.C. Cir. 2010) (Petaluma II), aff'g in part, rev'g in part

and remanding on penalty issues 131 T.C. 84 (2008) (Petaluma I), and for an

explanation of the current status of Petaluma III. Petaluma FX Partners, LLC v.

Commissioner, 2012 U.S. App. Lexis 4011 (D.C. Cir. Feb. 27, 2012), remanding

without published opinion 135 T.C. 581 (2010). This Court's Opinion in Petaluma

III, while guided by law and precedent, was restrained by the law of the case

doctrine and the rule of mandate, effectively ensuring that our holding would

conform to the narrow instructions provided by the D.C. Circuit in Petaluma II. Our

decision in Petaluma III also explicitly acknowledged the limited jurisprudential

scope of the holdings therein. Tigers Eye did not overrule Petaluma III, either

expressly or implicitly; rather, it declined to extend the holdings of Petaluma II and

Petaluma III in the light of the realigned framework, established by precedent

developed after the D.C. Circuit's decision in Petaluma II, by which courts analyze

similar partnership-level adjustments. Accordingly, we presently hold that our

subsequent decision in Tigers Eye did not alter or overrule our decision in Petaluma

III, and that the current status of Petaluma III remains unchanged.[1]

---

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended.

## Background

We incorporate our findings in <u>Petaluma I</u> and <u>Petaluma III</u> for purposes of this opinion.

The dispute in this case concerns respondent's notice of final partnership administrative adjustment (FPAA) issued to petitioner and other partners of Petaluma FX Partners, LLC (Petaluma).[2] The FPAA made the following adjustments to items reported on Petaluma's partnership return for its 2000 tax year:[3]

---

[2]Pursuant to sec. 6226(f), in a partnership-level proceeding this Court has jurisdiction "to determine all partnership items of the partnership for the partnership taxable year" to which the FPAA relates, along with the "proper allocation of such items * * * and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item."

[3]None of the items in the FPAA resulted in computational adjustments (as defined in sec. 6231(a)(6)) to the partners' tax liabilities.

| Item | As reported | As corrected |
|------|-------------|--------------|
| Capital contributions | $478,800 | - 0 - |
| Distributions–property other than money | 171,806 | - 0 - |
| Outside partnership basis | 24,943,505 | - 0 - |
| Distributions–money | 206,076 | - 0 - |
| Other income | 107,242 | - 0 - |
| Tax-exempt interest income | 547 | - 0 - |
| Assets–cash | 171,939 | - 0 - |
| Liabilities and capital– other current liabilities | 6,158 | - 0 - |
| Partners' capital accts. | 165,781 | - 0 - |

The FPAA also included the following statement:

> Outside partnership basis and the penalties are determined at the partnership level. The penalty will be imposed on the partner level. The applicable penalty sections are IRC 6662(a), 6662(b)(1), 6662(b)(2), 6662(b)(3), 6662(c), 6662(d), 6662(e) and 6662(h).

## Discussion

In Petaluma I, 131 T.C. at 100-102, we held that we retained jurisdiction to decide: (1) that Petaluma should be disregarded for tax purposes; (2) that Petaluma's partners had no outside bases in the disregarded partnership; and (3) that the gross valuation misstatement penalty under section 6662(b)(3) applied.

On appeal, the D.C. Circuit affirmed our holding that we had jurisdiction to determine that Petaluma was a sham and should be disregarded for tax purposes. Petaluma II, 591 F.3d at 654. The court, however, reversed our holding that we had jurisdiction to determine that Petaluma's partners had no outside bases in the partnership. Id. at 655. The court, apparently influenced by respondent's concession that outside basis "is not a partnership item in this case",[4] concluded that "the partners' outside bases are affected items, not partnership items." Id. at 654.[5]

Furthermore, as a result of the D.C. Circuit's determination that outside basis is an affected item, the court correspondingly held that the Tax Court lacks jurisdiction, in a partnership-level proceeding, to determine that penalties apply with respect to outside basis. Id. at 655. Nonetheless, the court did not foreclose the possibility that other section 6662 penalties might be appropriately determined at the partnership level:

---

[4]Respondent first made this concession on appeal. See Petaluma II, 591 F.3d at 655.

[5]The court also rejected respondent's contention that outside basis, although ostensibly an affected item, could nonetheless be determined in a partnership-level proceeding. Petaluma II, 591 F.3d at 655.

While it may be that some penalties could have been assessed without partner-level computations, we cannot affirm a decision that has not yet been made.  Therefore we vacate the opinion of the Tax Court on the penalties imposition and computation.  It may be that upon remand, a determination can be made for some portion of the penalties, but neither party has briefed that question before us. * * * We vacate and remand for further proceedings the Tax Court's decision on the penalties question.  [Id. at 656.]

In the light of the D.C. Circuit's directive, this Court's subsequent inquiry, following remand, was limited to whether any of the section 6662 penalties applied. Petaluma III, 135 T.C. at 585.  On remand, however, respondent asserted that this Court had jurisdiction to determine the applicability of the 20% penalty under section 6662(b)(1) only for negligence arising from our valid determination that the partnership was a sham.  Id. at 586.

We prefaced our discussion of the penalty issue in Petaluma III with an exposition of the mandate supplied to this Court by the D.C. Circuit in Petaluma II:

The Court of Appeals instructs that for us to have jurisdiction over a penalty at the partnership level it must "'[relate] to an adjustment to a partnership item.'"  * * * [Petaluma II, 591 F.3d at 655] (quoting section 6226(f)).  It must also be capable of being "computed without partner-level proceedings," id., leading at least potentially to only a computational adjustment to the partners' returns.  The effect of the mandate concerning the section 6662 penalty is that if the penalty does not relate directly to a numerical adjustment to a partnership item, it is beyond our jurisdiction.  [Petaluma III, 135 T.C. at 587; emphasis added.]

Cognizant of the narrow circumstances, articulated by the D.C. Circuit, where a penalty might be appropriately applied in a partnership-level proceeding, we found that there were no such adjustments at issue. Id. We took care to note, however, that our decision was compelled by the D.C. Circuit's mandate in Petaluma II. Id. Shortly after we entered our decision in Petaluma III, respondent filed a notice of appeal. See Petaluma III, appeal docketed, No. 024717-05 (D.C. Cir. Mar. 8, 2011).

Following our decision in Petaluma III, we decided Tigers Eye Trading, LLC v. Commissioner, 138 T.C. ___ (Feb. 13, 2012). The participating partner's main contention in Tigers Eye was that a previously entered stipulated decision upheld adjustments in an FPAA and applied accuracy-related penalties which exceeded this Court's jurisdiction established by section 6226(f) and Petaluma II. See Tigers Eye Trading, LLC v. Commissioner, 138 T.C. at ___ (slip op. at 9-10). While generally constrained to decide Tigers Eye in accord with Petaluma II,[6] we observed that two significant cases, Mayo Found. for Med. Educ. & Research v. United States, 562

---

[6]Pursuant to sec. 7482(b) the proper venue for an appeal in Tigers Eye was the Court of Appeals for the D.C. Circuit. See Tigers Eye Trading, LLC v. Commissioner, 138 T.C. ___, ___ n.8 (slip op. at 11) (Feb. 13, 2012). The Tax Court endeavors to follow the law of the court to which a case before it, absent a stipulation to the contrary, is appealable. See Golsen v. Commissioner, 54 T.C. 742, 757 (1970) ("the Golsen rule"), aff'd, 445 F.2d 985 (10th Cir. 1971).

U.S. ___, 131 S. Ct. 704 (2011) (reminding lower courts to defer to regulations that satisfy the two-step Chevron[7] standard), and Intermountain Ins. Serv. of Vail, LLC v. Commissioner, 650 F.3d 691 (D.C. Cir. 2011) (holding that deference given to regulations under Mayo Found. required the Court to apply the definitions of statutory terms provided in valid TEFRA regulations rather than follow earlier caselaw), rev'g and remanding 134 T.C. 211 (2010), supplementing T.C. Memo. 2009-195, vacated and remanded, ___ S. Ct. ___, 2012 WL 1468531 (Apr. 30, 2012), both decided after Petaluma II, had realigned the framework by which courts analyze similar partnership-level controversies. See Tigers Eye Trading, LLC v. Commissioner, 138 T.C. at ___ (slip op. at 12).

After noting that the D.C. Circuit in Petaluma II did not address certain regulations authorized by sections 6231(a)(3) and 6233 when holding that this Court did not have jurisdiction to determine outside basis and corresponding penalties in a partnership-level proceeding, we found, in the light of the precedent established by Mayo Found. and Intermountain Ins., that the Golsen rule was

---

[7]Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-843 (1984).

inapplicable.[8]  Id. at ___ (slip op. at 15-16); see also Lardas v. Commissioner, 99

T.C. 490, 493-495 (1992) (holding that the Golsen rule applies only where the

"clearly established" position of a Court of Appeals signals "inevitable reversal on

appeal").  We thereafter held that we retained jurisdiction to enter the stipulated

decision as originally written "even to the extent it adjusts outside basis to zero and

applied the 40% gross basis misstatement penalty under section 6662(h) to the

deficiency that results from the overstatement of the purported partners' bases in

distributed property."  Id.

After our decision in Tigers Eye, the D.C. Circuit, on its own motion, ordered

that Petaluma III be remanded to this Court.  See Petaluma FX Partners, LLC v.

Commissioner, 2012 U.S. App. LEXIS 4011 (D.C. Cir. Feb. 27, 2012).  The D.C.

Circuit noted:

> It appears that the Tax Court may have recently altered or overruled
> the Petaluma III decision under review in the case.  See Tigers Eye
> Trading, LLC v. Commissioner, * * * 138 T.C. No. 6, slip op. at 71-
> 126 (Feb. 13, 2012); see also * * * [id. at 205] (Holmes, J., dissenting)
> ("Our decision today overrules Petaluma III.").  We therefore deem it
> appropriate to remand this case to the Tax Court, including for it to
> determine and explain the current status of the Petaluma III decision.
> [Id.]

---

[8]The nonreferenced regulations included sec. 301.6233-1T, Temporary
Proced. & Admin. Regs., 52 Fed. Reg. 6779, 6795 (Mar. 5, 1987), and sec.
301.6231(a)(3)-1, Proced. & Admin. Regs.  See Tigers Eye Trading, LLC v.
Commissioner, 138 T.C. at ___ (slip op. at 75).

Accordingly, we have jurisdiction on remand for the limited purpose of determining the effect, if any, our decision in <u>Tigers Eye</u> had on <u>Petaluma III</u>.

This Court's authority to address certain legal issues after the completion of an appeal is generally limited by any action taken by an appellate court with respect to those issues. <u>Pollei v. Commissioner</u>, 94 T.C. 595, 601 (1990). For purposes of promoting finality and enhancing judicial efficacy, the appellate court's decision on a legal question will govern later stages of litigation in the same case. <u>See</u> <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 815-816 (1988). This rule, referred to as the "law of the case doctrine",[9] essentially precludes a reexamination of issues expressly decided upon appeal, as well as those issues decided by necessary implication. <u>Pollei v. Commissioner</u>, 94 T.C. at 601-603; <u>see also</u> <u>Sherwin v. Welch</u>, 319 F.2d 729, 732 (D.C. Cir. 1963) ("It is indisputable as a general proposition that the lower court is bound by * * *

---

[9]The Supreme Court, in espousing this doctrine, emphasized that when acting under an appellate court's mandate:

> That [lower] court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided upon appeal; or intermeddle with it, further than to settle so much as has been remanded. [<u>In re Sanford Fork & Tool Co.</u>, 160 U.S. 247, 255 (1895).]

mandate as the law of the case and is without power to consider questions which the mandate laid at rest.").

The "rule of mandate", a corollary to the law of the case doctrine, similarly prohibits a lower court from disregarding the appellate court's explicit directives. See Herrington v. County of Sonoma, 12 F.3d 901, 904 (9th Cir. 1993). The trial court "is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of [the] court deciding the case," and the higher tribunal is amply armed to rectify any such deviation. City of Cleveland v. FPC, 561 F.2d 344, 346 (D.C. Cir. 1977) (citing Yablonski v. UMW, 454 F.2d. 1036, 1038 (D.C. Cir. 1971)).

These aforementioned judicial doctrines worked in tandem to restrain this Court in our decision in Petaluma III. In recognition of the limitations of our prescribed inquiry, we commenced the discussion section of Petaluma III by emphasizing that the decision would be rendered in the shadow cast by the D.C. Circuit's opinion in Petaluma II:

> Applying the mandate to reconsider whether we have jurisdiction over any section 6662 penalties, we conclude as explained herein that this Court lacks jurisdiction over the penalty issues in this partnership-level proceeding.
>
> * * * There being no need for trial or further hearing, we review the parties' respective positions in the light of the opinion of

the Court of Appeals. [Petaluma III, 135 T.C. at 583; emphasis added.]

We thereafter proceeded to construe the FPAA adjustments in accord with the opinion of the D.C. Circuit. As Petaluma II had established that a partner's outside basis and a substantial valuation misstatement penalty related to such outside basis were both nonpartnership items, we endeavored to determine whether this Court retained jurisdiction to consider the application of any of the other section 6662 penalties asserted in the FPAA.

As noted supra, the effect of the D.C. Circuit's mandate in Petaluma II was that if the penalties did not "relate directly" to a numerical adjustment to a partnership item, we could not properly address them in the partnership-level proceeding. Id. at 587. In the light of this mandate, we found that the sham determination: (1) only "indirectly" affected basis at the partnership level; and (2) did not result in any partnership item's directly flowing through to the partners' returns as a computational adjustment. Id. Accordingly, we concluded that we did not have jurisdiction over any section 6662 penalties in "this partnership-level case." Id.

This Court reiterated throughout the Petaluma III Opinion that we were bound by the D.C. Circuit's mandate in Petaluma II. In accord with this mandate,

our findings in <u>Petaluma III</u> were thoroughly imbued with the legal reasoning and logic provided by the D.C. Circuit in its earlier decision. However, implicit in our adherence to the instructions submitted by the D.C. Circuit was our intention to narrowly confine our decision. This proposition is reflected in our conclusion where we prefaced our holding with the qualification that it was "in accordance with the opinion of the Court of Appeals" and applied to "penalty determinations <u>in this partnership-level case</u>." <u>Petaluma III</u>, 135 T.C. at 583 (emphasis added). Nonetheless, in analyzing the "penalty issue" in <u>Petaluma III</u> in concert with the holdings of <u>Petaluma II</u>, we dutifully observed the explicit directives of the D.C. Circuit, as well as its implicit directives on those issues the court decided by "necessary implication." <u>See</u> <u>Pollei v. Commissioner</u>, 94 T.C. at 601-603. <u>Petaluma II</u> instructed this Court to chart the course on borrowed maps; we did so.

The restrictions placed on this Court's authority in <u>Petaluma III</u> by <u>Petaluma II</u> were recognized and appreciated in <u>Tigers Eye</u>. <u>See</u> <u>Tigers Eye Trading, LLC v. Commissioner</u>, 138 T.C. at ___ (slip op. at 115) ("In <u>Petaluma III</u>, this Court was operating under the strict constraints of the law of the case doctrine and the rule of mandate."). We were in no position to overrule or alter the holding of <u>Petaluma III</u> in <u>Tigers Eye</u>, and we did not endeavor to do so. Rather, we chose not to extend the narrow holdings of <u>Petaluma II</u> and <u>Petaluma III</u> regarding partners'

outside bases and attendant penalties to <u>Tigers Eye</u> in the light of the precedent established by <u>Mayo Found. for Med. Educ. & Research v. United States</u>, 562 U.S. ___, 131 S. Ct. 704, and <u>Intermountain Ins. Serv. of Vail, LLC v. Commissioner</u>, 650 F.3d 691, following the court's decision in <u>Petaluma II</u>.[10]  Indeed, our Opinion in <u>Tigers Eye</u> cited <u>Petaluma III</u> extensively in concluding that we had jurisdiction in the partnership-level proceeding to determine the applicability of accuracy-related penalties that related to adjustments for losses and deductions reported on the partnership return.  <u>Tigers Eye Trading, LLC v. Commissioner</u>, 138 T.C. at ___ (slip op. at 101-111).

In its remand order, the D.C. Circuit quotes a sentence from a dissent in <u>Tigers Eye</u>.  <u>See</u> <u>Petaluma FX Partners, LLC v. Commissioner</u>, 2012 U.S. App. LEXIS 4011 (citing <u>Tigers Eye Trading, LLC v. Commissioner</u>, 138 T.C. at ___, (slip op. at 205)  (Holmes, <u>J</u>., dissenting) ("Our decision today overrules <u>Petaluma III</u>.")).  The cited passage does not represent the position of this Court.  No other Judge of the Court agreed with the part of the dissent from which the quoted sentence was taken.  As noted <u>supra</u>, no part of any of the opinions by the Judges of this Court in <u>Tigers Eye</u> purported to explicitly alter or overrule the decision in this

---

[10]As noted <u>supra</u>, these two cases read together stress the governing authority of TEFRA regulations that were not addressed in <u>Petaluma II</u>.

case or to revise the language of the Court's Opinion in <u>Petaluma III</u>.  To the extent the remand order was intended to provide this Court with the opportunity to alter or amend any aspects of <u>Petaluma III</u>, we respectfully decline to do so.

In summation, we hold that the Court's Opinion in <u>Tigers Eye</u> did not overrule or alter <u>Petaluma III</u> and that the current status of <u>Petaluma III</u> is unchanged.

<u>An appropriate order will be issued</u>.