PETALUMA FX PARTNERS, LLC, RONALD SCOTT VANDERBEEK,
A PARTNER OTHER THAN THE TAX MATTERS PARTNER,
PETITIONER *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT*

Docket No. 24717–05.      Filed December 15, 2010.

On remand we are instructed by the Court of Appeals for
the District of Columbia Circuit to determine whether we
have jurisdiction to determine whether a penalty under sec.
6662, I.R.C., is applicable in this partnership-level case.
*Petaluma FX Partners, LLC v. Commissioner*, 591 F.3d 649
(D.C. Cir. 2010), affg. in part, revg. in part, and vacating in
part 131 T.C. 84 (2008). *Held*: Applying the instructions set
forth in the Court of Appeals' opinion, we do not have jurisdic-
tion over any sec. 6662, I.R.C., penalty determination in this
case.

*Edward M. Robbins, Jr.*, for petitioner.
*Gerald A. Thorpe* and *Jason M. Kuratnick*, for respondent.

SUPPLEMENTAL OPINION

GOEKE, *Judge*: This matter is before the Court on remand
from the Court of Appeals for the District of Columbia Cir-
cuit for further proceedings consistent with its opinion in
*Petaluma FX Partners, LLC v. Commissioner*, 591 F.3d 649
(D.C. Cir. 2010), affg. in part, revg. in part, and vacating in
part 131 T.C. 84 (2008). The issue for decision on remand is
whether this Court has jurisdiction over the determination in
respondent's notice of final partnership administrative
adjustment (FPAA) issued to petitioner and other partners
that all of the underpayments of tax resulting from adjust-
ments of partnership items are attributable to: (1) Gross or
substantial valuation misstatements penalized under section
6662(a), (b)(3), (e), and (h); (2) negligence or disregard of
rules or regulations penalized under section 6662(a), (b)(1),
and (c); or (3) substantial understatements of income tax
penalized under section 6662(a), (b)(2), and (d). [1]

*This Opinion supplements our prior Opinion, *Petaluma FX Partners, LLC v. Commissioner*,
131 T.C. 84 (2008), affd. in part, revd. in part, and vacated in part 591 F.3d 649 (D.C. Cir.
2010).

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect
for the year in issue.

*Background*

We summarize relevant background from *Petaluma FX Partners, LLC v. Commissioner*, 131 T.C. 84 (2008) (Petaluma I), and set forth additional details for purposes of deciding the issue on remand.

The dispute in this case relates to an FPAA issued to petitioner and other partners of Petaluma FX Partners, LLC (Petaluma or the partnership), on July 28, 2005. In the FPAA respondent made the following adjustments to items reported on Petaluma's partnership return for its 2000 tax year and to outside bases of all the partners, items not reported on the return:

| Item | As reported | As corrected |
|------|------------|-------------|
| Capital contributions | $478,800 | -0- |
| Distributions—property other than money | 171,806 | -0- |
| Outside partnership bases | 24,943,505 | -0- |
| Distributions—money | 206,076 | -0- |
| Other income | 107,242 | -0- |
| Tax-exempt interest income | 547 | -0- |
| Assets—cash | 171,939 | -0- |
| Liabilities and capital— other current liabilities | 6,158 | -0- |
| Partners' capital accounts | 165,781 | -0- |

None of the above items result in computational adjustments (as defined in section 6231(a)(6)) to the partners' tax liabilities. Petitioner has previously stipulated that substantive issues over which the Court has jurisdiction will not be contested. Petitioner reserved the penalty for valuation misstatement from his concession, but the Court of Appeals has held that we do not have jurisdiction over that penalty. *Petaluma FX Partners, LLC v. Commissioner*, 591 F.3d at 655. Form 4605–A, Examination Changes—Partnerships, Fiduciaries, S Corporations, and Interest Charge Domestic International Sales Corporations, attached to the FPAA states: "I.R.C. Penalty Section 6662 is applicable at the individual partner level and may be raised in separate proceedings at the partner level following the present partnership proceeding."

This Court issued Petaluma I on October 23, 2008, holding that it had jurisdiction to decide: (1) That Petaluma should be disregarded for tax purposes; (2) that the partners had no

bases in their interests in the partnership since the partnership was disregarded; and (3) that a valuation misstatement penalty under section 6662(b)(3) applied. Petaluma I, 131 T.C. at 100. The Court of Appeals affirmed our determination that we had jurisdiction to decide whether the partnership should be disregarded. However, in this partnership-level case it reversed our determination regarding partners' outside bases, holding that we did not have jurisdiction. The Court of Appeals remanded the case for a determination of whether this Court has jurisdiction over any penalties under section 6662. *Petaluma FX Partners, LLC v. Commissioner*, 591 F.3d at 656.

## *Discussion*

Applying the mandate to reconsider whether we have jurisdiction over any section 6662 penalties, we conclude as explained herein that this Court lacks jurisdiction over the penalty issues in this partnership-level proceeding.

After the Court of Appeals issued the mandate, we ordered the parties to state their respective positions regarding the issues on remand, and both parties have complied. There being no need for trial or further hearing, we review the parties' respective positions in the light of the opinion of the Court of Appeals.

## I. *TEFRA in General*

Under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), all partnership items are determined in a single partnership-level proceeding. Sec. 6226; see also *Randell v. United States*, 64 F.3d 101, 103 (2d Cir. 1995). In a partnership-level proceeding, the Court's jurisdiction is limited by section 6226(f):

SEC. 6226(f). SCOPE OF JUDICIAL REVIEW.—A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

Section 6231(a) defines the terms "partnership item", "nonpartnership item", and "affected item":

(3) PARTNERSHIP ITEM.—The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

(4) NONPARTNERSHIP ITEM.—The term "nonpartnership item" means an item which is (or is treated as) not a partnership item.

(5) AFFECTED ITEM.—The term "affected item" means any item to the extent such item is affected by a partnership item.

An "affected item" is by definition not a "partnership item". *Ginsburg v. Commissioner*, 127 T.C. 75, 79 (2006); see also *Dial USA, Inc. v. Commissioner*, 95 T.C. 1, 5 (1990). This distinction is important in the present case as affected items generally will involve issuance of notices of deficiency to individual partners, described as partner-level proceedings.

## II. *Petitioner's Position*

Petitioner first argues that this Court lacks jurisdiction to determine the amounts of any penalties in this partnership-level proceeding because no penalty relates to an adjustment to a partnership item under section 6226(f). Petitioner maintains no underpayment arises as a result of any partnership item because there is no computational deficiency adjustment at the partner level as a result of our holding that Petaluma is to be disregarded for tax purposes. Petitioner contends that, in the light of the Court of Appeals' holding that this Court lacks jurisdiction to determine outside basis, there is no deficiency or underpayment of tax within the jurisdiction of this Court in respect of which a penalty can be held to apply.

Petitioner also argues that because the partnership is a nullity, no partnership item could create a deficiency or underpayment to which penalties could apply. Therefore, any penalty does not relate to an adjustment to a partnership item, and any penalty is an item which must be determined with a statutory notice of deficiency.

## III. *Respondent's Position*

Respondent argues that this Court has jurisdiction to determine the applicability of the gross valuation misstatement penalty because sections 6221, 6226(f), and

6230(a) give this Court jurisdiction to determine penalties related to partnership items. Respondent contends the penalty relates to two partnership items—the shamming of the partnership, which the Court of Appeals affirmed as the determination of a partnership item, and the amounts of the purported partners' contributions to the partnership.

IV. *Court of Appeals' Opinion*

The Court of Appeals held that this Court had no jurisdiction to determine that the outside bases of Petaluma's partners were zero, as outside basis is an affected item, not a partnership item. The Court of Appeals then held, inasmuch as this Court lacked jurisdiction over outside basis, that the Court also lacked jurisdiction to determine that section 6662 penalties apply with respect to outside basis because those penalties did not relate to a partnership item. With respect to other section 6662 penalties, the Court of Appeals vacated our decision and remanded the case to this Court, stating:

> While it may be that some penalties could have been assessed without partner-level computations, we cannot affirm a decision that has not yet been made. Therefore, we vacate the opinion of the Tax Court on the penalties imposition and computation. It may be that upon remand, a determination can be made for some portion of the penalties, but neither party has briefed that question before us. [*Petaluma FX Partners, LLC v. Commissioner*, 591 F.3d at 656.]

We must now decide whether we have jurisdiction to determine at the partnership level whether any of the section 6662 penalties apply.

V. *Section 6662*

The penalties about which jurisdiction is in question all arise under section 6662. The general rule is that if the section applies to any portion of an underpayment of tax, 20 percent of that portion will be added as a penalty. In the case of a gross valuation misstatement under section 6662(h), the 20-percent penalty is increased to 40 percent. Section 6662(b) describes the circumstances when the section shall apply and the penalty is triggered. Respondent asserts three of those circumstances apply in this case and also asserts all three relate to partnership-level determinations. They are neg-

ligence under section 6662(b)(1) and (c), substantial understatement of income tax under section 6662(b)(2) and (d), and gross or substantial valuation misstatement under section 6662(b)(3), (e), and (h). The Court of Appeals has agreed with petitioner's position that this Court lacks jurisdiction over penalties that apply with respect to outside basis because those penalties do not relate to partnership item adjustments. There is a question whether "outside basis" is the correct term because the partnership has been held to be a sham, but there clearly are adjustments at the partner level that will relate to the partners' bases in assets that they sold. We are directed that such adjustments are beyond our jurisdiction and the related penalties are also. See *Petaluma FX Partners, LLC v. Commissioner*, 591 F.3d at 655 ("Petaluma argues that since the Tax Court lacked jurisdiction to determine outside basis, it also lacks jurisdiction to determine that penalties apply with respect to outside basis because those penalties do not relate to an adjustment to a partnership item. We agree.").

VI. *Analysis*

In this case none of the FPAA adjustments are items that flow directly to the partner-level deficiency computation as computational adjustments. Any deficiencies must therefore be determined against the partners as affected items and must be resolved in separate partner-level deficiency procedures. The section 6662 penalties are all related to these adjustments, which have not yet been made by respondent.

The Court of Appeals' decision addressed the penalty for substantial valuation misstatement, but on remand respondent asserts in this partnership-level proceeding that we have jurisdiction to determine the applicability of the 20-percent penalty under section 6662(a) and (b)(1) for negligence on account of our determination that the partnership is a sham. Respondent does not offer any other issue before us where a penalty under any subsection of section 6662 could be applied to an adjustment to a specific partnership-level item. We can find none in the FPAA, the pleadings, or the stipulation of settled issues.

The determination that the partnership is a sham implies negligent conduct regarding formation of the partnership, but

in this case that determination does not trigger a computational adjustment to taxable income of the partners. The Court of Appeals declined to allow the general effect of the partnership determination of sham to confer jurisdiction of the penalty relating to valuation because the valuation related to outside basis, an affected item. The Court of Appeals instructs that for us to have jurisdiction over a penalty at the partnership level it must "'[relate] to an adjustment to a partnership item.'" *Petaluma FX Partners, LLC v. Commissioner*, 591 F.3d at 655 (quoting section 6226(f)). It must also be capable of being "computed without partner-level proceedings," *id.*, leading at least potentially to only a computational adjustment to the partners' returns. The effect of the mandate concerning the section 6662 penalty is that if the penalty does not relate directly to a numerical adjustment to a partnership item, it is beyond our jurisdiction. In this case there are no such adjustments to which a penalty can apply. The adjustment is an affected item. The sham determination in this case only indirectly affects basis at the partner level. There is no partnership item flowing through to the partners' returns as a computational adjustment.

Therefore, in accordance with the opinion of the Court of Appeals, we conclude that we do not have jurisdiction over any section 6662 penalty determinations in this partnership-level case.

> *An appropriate order and decision will be entered.*

Reviewed by the Court.

COLVIN, WELLS, THORNTON, WHERRY, KROUPA, and HOLMES, *JJ.*, agree with this majority opinion.

GUSTAFSON and MORRISON, *JJ.*, did not participate in the consideration of this opinion.

———————————

HALPERN, *J.*, dissenting: In *Petaluma FX Partners, LLC v. Commissioner*, 131 T.C. 84, 103 (2008), affd. in part, revd. in part, and vacated in part 591 F.3d 649 (D.C. Cir. 2010), we held that, if a partnership is disregarded for tax purposes, we have jurisdiction to treat the partners' outside bases as zero. We added: "If a property has a basis of zero, any basis

claimed above that will be a valuation overstatement and the [section 6662 accuracy-related] penalty will apply." *Id.* While the Court of Appeals agreed that, in this partnership-level proceeding, we have jurisdiction to disregard Petaluma as a partnership, it disagreed that, on account thereof, we can find that the partners overstated the value of their bases in Petaluma. *Petaluma FX Partners, LLC v. Commissioner*, 591 F.3d at 655. It faulted our determination that the partners overstated their bases (thus possibly attracting a valuation misstatement penalty) on the ground that outside basis is an affected item, which we lack jurisdiction to determine in this partnership-level proceeding. *Id.* It questioned whether the accuracy-related penalty "could have been computed without partner-level proceedings to determine the affected-items questions concerning outside bases". *Id.* at 655–656. It speculated whether any penalty "could * * * [be] assessed without partner-level computations," and it remanded for us to again consider the penalty. *Id.* at 656. The majority concludes "that we do not have jurisdiction over any section 6662 penalty determinations in this partnership-level case." Majority op. p. 587. I disagree.

Section 6226(f) establishes our jurisdiction in a partnership-level proceeding to determine the applicability of penalties that relate to adjustments to partnership items. Respondent claims that we have adjusted partnership items in this partnership-level proceeding by disregarding Petaluma as a partnership and by redetermining the amounts of the putative partners' contributions to it. Because of those adjustments, respondent asks that we sustain his assertion of the accuracy-related penalty imposed by section 6662. That penalty is an ad valorem addition imposed on the portion of an underpayment of tax (to which the section applies) required to be shown on a tax return. See sec. 6662(a). In this case, the relevant tax returns and underpayments are those of Petaluma's putative partners because, although it filed a tax return, Petaluma did so as a partnership, which is a passthrough entity that pays no income tax. See sec. 701. Respondent's position is that the putative partners underpaid their income taxes because of adjustments to partnership items made by this Court and that some or all of those underpayments are attributable to one or more of three of the circumstances specified in section 6662(b): Neg-

ligence or disregard of rules and regulations (without distinction, negligence), a substantial understatement of income tax, and a substantial or gross valuation misstatement. See sec. 6662(b)(1), (2), and (3).

The term "affected item" includes penalties such as the section 6662 accuracy-related penalty when the penalty is imposed on a partner with respect to an adjustment to a partnership item and the penalty is computed with reference to the portion of an underpayment in tax attributable to the adjustment. See sec. 301.6231(a)(5)–1T(d), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987) (currently, section 301.6231(a)(5)–1(e), Proced. & Admin. Regs.). The penalty may be applicable here. If Petaluma is disregarded as a partnership or each putative partner's contribution to Petaluma is deemed to be zero, one or more items on each putative partner's return will change, likely resulting in a net increase in his tax liability and concomitant underpayment of the tax required to be shown on his return.[1] If in this proceeding we determine that one or more of the section 6662(b)(1) through (3) circumstances exist with respect to an adjustment to a partnership item, then we should sustain respondent's determination that the penalty applies; the penalty is an affected item, and each putative partner's liability for the penalty is determined by way of a computational adjustment. See sec. 301.6231(a)(6)–1T(a), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3840 (Jan. 26, 1999) (currently, section 301.6231(a)(6)–1(a), Proced. & Admin. Regs.). Our decision that the penalty applies is necessarily preliminary, however, since we lack jurisdiction in this partnership-level proceeding to determine any partner's tax liability or underpayment of tax.

In *Petaluma FX Partners, LLC v. Commissioner*, 131 T.C. at 103, we concluded that the accuracy-related penalty applied on the ground of a valuation misstatement of outside basis. We saw no need to address whether the penalty could be applied on the grounds of negligence or understatement of income tax. *Id.* at 108. As stated, the Court of Appeals reversed our penalty decision on the ground that outside basis is an affected item over which, in this proceeding, we

---

[1] I conclude the results are "likely" only because I lack information about the particulars of the putative partners' returns and tax liabilities.

lack jurisdiction. It questioned whether the accuracy-related penalty based on a valuation misstatement could be computed "without partner-level proceedings to determine the affected-items questions concerning outside bases". *Petaluma FX Partners, LLC v. Commissioner*, 591 F.3d at 655–656. It speculated whether any penalty could be assessed without partner-level computations. *Id.* at 656.

Respondent answers the specific question posed by the Court of Appeals in the affirmative, arguing, alternatively, (1) "that the overvaluation penalty applies to any underpayment of tax that results from the determination that the partnership is a sham" and (2) that it applies "because * * * [it] relates to adjustments to inside basis in the contributed options." With respect to his first alternative, respondent adds: "The Court can do this [determine the application of the penalty] without determining each partner's outside basis". Respondent adds that, as an alternative to imposing the accuracy-related penalty on the ground of a valuation misstatement, the Court could impose the penalty on the ground of negligence or a substantial understatement of income tax.

The majority believes that it cannot impose any accuracy-related penalty because any deficiencies in tax resulting from this proceeding "must therefore be determined against the partners as affected items and must be resolved in separate partner-level deficiency procedures. The section 6662 penalties are all related to these adjustments, which have not yet been made by respondent." Majority op. p. 586. While it is true that the accuracy-related penalty is an ad valorem addition based on an underpayment of tax, which, in the case of adjustments to partnership items, may be indeterminable without a partner-level determination, respondent is here claiming that the proximate cause of any underpayment resulting from our adjustments to partnership items is either a partnership-level misstatement of value, partnership-level negligence, or the adjustments themselves, which will result in a substantial understatement of income tax. The majority appears to accept respondent's claim of proximate cause: "The determination that the partnership is a sham implies negligent conduct regarding formation of the partnership". Majority op. p. 586. Nevertheless, it reads the Court of Appeals' questioning of whether a valuation misstatement

could be computed without partner-level proceedings to determine outside basis as establishing a limiting rule: That for us to have penalty jurisdiction at the partnership level, not only must the penalty relate to a partnership item (as plainly required by section 6226(f)), but the penalty also "must * * * be capable of being 'computed without partner-level proceedings,' * * * leading at least potentially to only a computational adjustment to the partners' returns." Majority op. p. 587. Since the accuracy-related penalty is an ad valorem addition determinable only at the taxpayer (in this case, partner) level, what the majority must mean is that a computational adjustment establishing a partner's liability for the penalty must be achievable without the necessity of any partner-level determination.[2] The majority adds: "The effect of the mandate concerning the section 6662 penalty is that if the penalty does not relate directly to a numerical adjustment to a partnership item, it is beyond our jurisdiction." Majority op. p. 587. Finding no such adjustments, the majority concludes we have no penalty jurisdiction in this case. Majority op. p. 587.

The Court of Appeals does not mention numerical adjustments, and it speaks about the inability to compute the accuracy-related penalty without partner-level proceedings only in the context of our attempt to impose the penalty on account of a valuation misstatement of an affected item; i.e., outside basis. Respondent claims that there are grounds for the penalty that do not require us to determine an affected item (other than the penalty itself). While the Court of Appeals does speculate whether a penalty could have been assessed without a partner-level computation, both the computational adjustment and assessment of any penalty liability relating to a partnership item are administrative steps taken only *after* the close of the partnership-level proceeding. See sec. 6225(a); sec. 301.6231(a)(6)–1T(a)(2), Temporary Proced. & Admin. Regs., *supra* (currently, section 301.6231(a)(6)–1(a)(3), Proced. & Admin. Regs.). Moreover,

---

[2] The term "partner level determination" is used in sec. 301.6231(a)(6)–1T(a), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3840 (Jan. 26, 1999) (currently, sec. 301.6231(a)(6)–1(a)(1), Proced. & Admin. Regs.), to describe an intermediate, partner-level determination that, *in some cases*, may be necessary before a change in a partner's tax liability to reflect the treatment of a partnership item can be made by way of a computational adjustment. The majority appears to assume that the penalties here in issue cannot be determined without partner-level determinations.

the regulations are clear that a penalty related to a partnership item may be directly assessed following the partnership-level proceeding "based on determinations in that proceeding, regardless of whether partner level determinations are required." Sec. 301.6231(a)(6)–1T(a)(2), Temporary Proced. & Admin. Regs., *supra* (currently, section 301.6231(a)(6)–1(a)(3), Proced. & Admin. Regs.). The majority's attribution to the Court of Appeals of a rule that a computational adjustment to reflect a penalty must be achievable without the necessity of any partner-level determination flies directly in the face of other language in that same regulation, which distinguishes computational adjustments with respect to penalties from other computational adjustments requiring partner-level determinations:

However, if a change in a partner's tax liability cannot be made without making one or more partner level determinations, that portion of the change in tax liability attributable to the partner level determinations shall be made under the provisions of subchapter B of chapter 63 of the Internal Revenue Code (relating to deficiency procedures), *except for any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item*.

Sec. 301.6231(a)(6)–1T(a), Temporary Proced. & Admin. Regs., *supra* (emphasis supplied) (currently, section 301.6231(a)(6)–1(a)(1), Proced. & Admin. Regs.). The Court of Appeals did not undertake to reorganize the procedural steps established by Congress and implemented by the Secretary for determining, computing, assessing, and collecting penalties related to partnership items, nor should we interpret it as doing so.

We obey the Court of Appeals mandate by reconsidering the section 6662 penalty on grounds (such as those claimed by respondent) other than those, such as the putative partners' outside bases, that depend on our determination of an affected item. Our task, even if we determine that the penalty applies, is necessarily inconclusive, since the penalty is an affected item, the amount of which is to be determined by computational adjustment, which may, as a preceding step, require one or more partner-level determinations. Our jurisdiction extends to the aspects of the penalty we are authorized to determine. Nevertheless, in exercise of that jurisdic-

tion, we may have to ask respondent to better explain the grounds he claims justify the penalty.

———————————

MARVEL, *J*., dissenting: The Court of Appeals for the District of Columbia Circuit remanded this case for consideration of whether in this partnership-level proceeding we have jurisdiction over "some portion of the penalties". See *Petaluma FX Partners, LLC v. Commissioner*, 591 F.3d 649, 656 (D.C. Cir. 2010) (Petaluma II), affg. in part, revg. in part, vacating in part and remanding 131 T.C. 84 (2008) (Petaluma I). The majority concludes that we do not. Majority op. p. 583. Because I believe that the result the majority reaches is contrary to sections 6221 and 6226(f) as amended by the Taxpayer Relief Act of 1997 (TRA 1997), Pub. L. 105–34, sec. 1238, 111 Stat. 1026, I respectfully dissent.

I. *The Court of Appeals Opinion*

In Petaluma I we held, among other things, that (1) we had jurisdiction to decide whether the partnership used to achieve the challenged tax benefits was a sham and/or lacked economic substance, (2) we also had jurisdiction to decide that the partners' outside bases were overstated because the partners could not have bases in a disregarded or sham partnership, (3) we had jurisdiction over the section 6662 accuracy-related penalty because section 6226(f) gave us jurisdiction to determine "the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item",[1] and (4) a 40-percent accuracy-related penalty attributable to the gross valuation misstatement of the partners' outside bases applied. See Petaluma I, 131 T.C. at 100, 102, 108. In Petaluma II, the Court of Appeals for the District of Columbia Circuit affirmed our holding in (1) but reversed our holdings in (2) and (4), and vacated and remanded "on the penalties question". See Petaluma II, 591 F.3d at 656. The Court of Appeals stated as follows:

———————

[1] Although we held we had jurisdiction over the sec. 6662 accuracy-related penalty, we did not reach the issue of the applicability of any components other than the gross valuation misstatement component. See Petaluma I, 131 T.C. at 100–102.

As it is not clear from the opinion, the record, or the arguments before this court that the penalties asserted by the Commissioner and ordered by the Tax Court could have been computed without partner-level proceedings to determine the affected-items questions concerning outside bases, we are unable to uphold the court's determination of the penalty issues. While it may be that some penalties could have been assessed without partner-level computations, we cannot affirm a decision that has not yet been made. Therefore, we vacate the opinion of the Tax Court on the penalties imposition and computation. It may be that upon remand, a determination can be made for some portion of the penalties, but neither party has briefed that question before us. [*Id.* at 655–656.]

The Court of Appeals remanded "on the penalties question" because it was not clear "that the penalties asserted by the Commissioner and ordered by the Tax Court could have been computed without partner-level proceedings to determine the affected-items questions concerning outside bases". *Id.* The Court of Appeals acknowledged the possibility that on remand a determination could be made "for some portion of the penalties". *Id.* at 656.

## II. *The Section 6662 Penalty in Petaluma*

### A. *In General*

Although respondent's primary argument under section 6662 is that a 40-percent accuracy-related penalty applies because of a gross valuation misstatement, he also asserted in the FPAA a 20-percent accuracy-related penalty attributable to negligence or to a substantial understatement of income tax. The application of any of these components of the accuracy-related penalty involves the juxtaposition of section 6662, the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97–248, sec. 402, 96 Stat. 648, and amendments to TEFRA by TRA 1997. To better understand the scope of our jurisdiction over the section 6662 penalty in partnership-level TEFRA cases, an overview of TEFRA and the TRA 1997 amendments is helpful.

### B. *TEFRA Litigation Structure*

Before 1982 partnership tax issues were raised and litigated at the partner level, resulting in bloated caseloads and duplicative litigation of partnership issues. See *Domulewicz v. Commissioner*, 129 T.C. 11, 17 (2007), affd. in part and remanded in part on other grounds sub nom. *Desmet v.*

*Commissioner*, 581 F.3d 297 (6th Cir. 2009). In an effort to eliminate the perceived inefficiencies, the waste of resources, and the potential for inconsistent results among partners on the same partnership issues that could result from duplicative litigation at the partner level, Congress, at the Department of the Treasury's request, enacted the unified partnership audit and litigation provisions as part of TEFRA. See *id.* The provisions were constructed around a simple premise— although a partnership is not an entity that is liable for Federal income tax, partnership tax issues ordinarily must be resolved in a single proceeding at the partnership level. See *id.* at 17–18.

The basic structure of partnership litigation under TEFRA is easy to understand. Section 6221 provides that the tax treatment of any partnership item "shall be determined at the partnership level."[2] Section 6222(a) provides that a partner, on the partner's return, shall treat a partnership item in a manner consistent with the treatment of the item on the partnership return. If the Commissioner audits the partnership return and determines that adjustments to partnership items are necessary, he must issue an FPAA to the partnership (through the tax matters partner) and send a copy of the FPAA to all partners who are entitled to notice. See sec. 6223(a)(2).

The tax matters partner or a partner/partners with a large enough partnership interest may file a petition for judicial review of the FPAA within certain time limits. Sec. 6226(a) and (b). A court with which a petition is filed has jurisdiction "to determine all partnership items of the partnership for the partnership taxable year to which the * * * [FPAA] relates and the proper allocation of such items among the partners." Sec. 6226(f), I.R.C. 1996 (before amendment by TRA 1997).

After the restrictions on assessment and collection under section 6225 no longer apply, the Commissioner is authorized

---

[2] Partnership items are items required to be taken into account for the partnership's taxable year to the extent that those items are more appropriately determined at the partnership level than at the partner level. See sec. 6231(a)(3). Nonpartnership items that are affected by adjustments to partnership items are called "affected items". Sec. 6231(a)(5). There are two types of affected items: (1) Items that require factual determinations to be made at the partner level, and (2) items that require merely a computational adjustment, such as the amount of a medical expense deduction under sec. 213(a). See *N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741, 744–745 (1987). The former group, the "substantive" affected items, has not only a computational element but also a substantive element in that a court must consider evidence and find facts regarding the affected item in an affected items deficiency proceeding.

to make computational adjustments to the partners' tax liabilities to reflect the adjustment of partnership items in the partnership-level proceeding. Sec. 6231(a)(6) (definition of computational adjustment); sec. 301.6231(a)(6)–1T(a), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3840 (Jan. 26, 1999). The deficiency procedures do not apply to the assessment or collection of any computational adjustment unless the computational adjustment involves a deficiency attributable to an affected item that requires a partner-level determination or to items that have become nonpartnership items. Sec. 6230(a)(1) and (2). If the computational adjustment involves a deficiency attributable to an affected item that requires a partner-level determination, the Commissioner must issue an affected items notice of deficiency to the partner. Sec. 6230(a)(2). Accordingly, there are two types of computational adjustments paralleling two types of affected items: (1) Purely mathematical computational adjustments that do not require partner-level determinations and may be directly assessed,[3] see sec. 6230(a)(1); sec. 301.6231(a)(6)–1T(a)(1), Temporary Proced. & Admin. Regs., *supra*, and (2) adjustments that require partner-level determinations and are therefore subject to deficiency procedures, see sec. 6230(a)(2); sec. 301.6231(a)(6)–1T(a)(2), Temporary Proced. & Admin. Regs., *supra*. After the Commissioner issues an affected items notice of deficiency, generally the partner may file a Tax Court petition to contest it. See sec. 6213. Alternatively, the partner can pay the affected item deficiency, file a claim for refund, and then bring a refund action. See 28 U.S.C. sec. 1346(a)(1) (2006).

The devil, of course, is in the details, and sections 6221–6233, as originally enacted, raised many difficult interpretive issues that occupied this Court and others for years after TEFRA was enacted. For example, it became apparent in practice that the litigation procedures as originally enacted did not adequately address how penalties and additions to tax that might require partner-level determinations fit into the partnership litigation regime.[4] Congress took notice and

---

[3] There is no prepayment forum for contesting the accuracy of such adjustments. However, if an affected item deficiency proceeding is pending, the Tax Court may extend its overpayment jurisdiction to consider computational adjustments that have been assessed and paid. See, e.g., *Barton v. Commissioner*, 97 T.C. 548 (1991) (overpayment jurisdiction applied).

[4] For example, in *Maxwell v. Commissioner*, 87 T.C. 783, 790, 793 (1986), a reviewed Opinion, this Court held that additions to tax and investment tax credit carrybacks were "affected items"

began tweaking the TEFRA provisions to fill gaps in the procedures and make them work better. Two such adjustments occurred when Congress, as part of the Tax Reform Act of 1986, Pub. L. 99–514, sec. 1875(d), 100 Stat. 2896, enacted technical corrections to TEFRA that included (1) adding new section 6229(g), which extended the period of limitations on assessment with respect to additions to tax affected by adjustments to partnership items, and (2) amending section 6230(a) to permit the Commissioner to issue an affected items notice of deficiency. The most relevant adjustments for purposes of this case, however, occurred in 1997 when Congress enacted TRA 1997.

C. *TRA 1997*

Before the enactment of TRA 1997, penalties and additions to tax were classified as affected items and issues regarding such items were litigated in a partner-level deficiency proceeding regardless of whether they related to adjustments to partnership items. See, e.g., *N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741, 744–745 (1987). TRA 1997 amended section 6221 to provide that a penalty or addition to tax "which relates to an adjustment to a partnership item" must be determined at the partnership level. TRA 1997 also amended section 6226(f) to provide that a court with jurisdiction over a partnership-level proceeding had jurisdiction over a penalty or addition to tax "which relates to an adjustment to a partnership item". See sec. 6226(f). Among other important changes was the change to section 6230(a)(2)(A)(i), which was amended to read as follows:

SEC. 6230. ADDITIONAL ADMINISTRATIVE PROVISIONS.

(a) COORDINATION WITH DEFICIENCY PROCEEDINGS.—

(1) IN GENERAL.—Except as provided in paragraph (2) or (3), subchapter B of this chapter[5] shall not apply to the assessment or collection of any computational adjustment.

(2) DEFICIENCY PROCEEDINGS TO APPLY IN CERTAIN CASES.—

(A) Subchapter B shall apply to any deficiency attributable to—

that must be dismissed from a deficiency proceeding to await the outcome of pending partnership proceedings.

[5] Subch. B (secs. 6211 through 6216) contains the provisions authorizing the Commissioner to issue notices of deficiency and provides the Tax Court with jurisdiction to redetermine those deficiencies.

(i) affected items which require partner level determinations (other than penalties, additions to tax, and additional amounts that relate to adjustments to partnership items) * * *

Finally, TRA 1997 provided that a partner may file a claim for refund on the ground that "the Secretary erroneously imposed any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item." Sec. 6230(c)(1)(C).

As described, under the TEFRA provisions as amended by TRA 1997, penalties and additions to tax are treated differently from other affected items. The net effect of the TRA 1997 changes is that deficiency procedures no longer apply to penalties and additions to tax related to adjustments to partnership items, even if they require factual determinations at the partner level. Sec. 6230(a)(2)(A)(i); *Domulewicz v. Commissioner*, 129 T.C. at 23; *Fears v. Commissioner*, 129 T.C. 8 (2007). Although the Court has jurisdiction in a partnership-level proceeding to consider whether the penalty attributable to an adjustment to a partnership item applies, it has no jurisdiction to decide the amount of the penalty or consider partner-level defenses. Cf. *Domulewicz v. Commissioner*, *supra* at 23.

### D. *The Interaction of Section 6662(a) and TEFRA*

In *Petaluma*, as in most typical Son-of-BOSS cases, respondent alleged alternative positions with respect to the section 6662 penalty in the FPAA. Respondent's primary position was that the 40-percent accuracy-related penalty applied because of a gross valuation misstatement of something,[6]

---

[6] Generally, the valuation misstatement penalty applies if there is a misstatement of value or basis of property on a return. See sec. 6662(e). In the Petaluma FPAA, respondent adjusted the following items to zero: Capital contributions, distributions of property other than money, outside partnership basis, and the partners' capital accounts. All of these items involve a statement of property value or basis, and all of the items, except outside partnership basis, are partnership items. In pertinent part, the FPAA stated as follows:

The formation of Petaluma FX Partners, LLC, the acquisition of any interest in the purported partnership by the purported partner, the purchase of offsetting options, the transfer of offsetting options to a partnership in return for a partnership interest, the purchase of assets by the partnership, and the distribution of those assets to the purported partners in complete liquidation of the partnership interests, and the subsequent sale of those assets to generate a loss, had no business purpose other than tax avoidance, lacked economic substance, and, in fact and substance, constitutes (sic) an economic sham for federal income tax purposes. Accordingly, the partnership and the transaction described above shall be disregarded in full and any purported losses resulting from these transactions are not allowable as deductions for federal income tax purposes.

and his alternative or additional position was that the 20-percent accuracy-related penalty attributable to negligence or substantial understatement of income tax applied.

Generally, section 6662(a) authorizes the imposition in appropriate cases of an accuracy-related penalty that potentially comprises several components. The penalty applies to "any portion of an underpayment of tax required to be shown on a return", sec. 6662(a), if the underpayment or a portion thereof is attributable to one or more of the following: (1) Negligence or disregard of rules and regulations, (2) any substantial understatement of income tax, (3) any substantial valuation misstatement, (4) any substantial overstatement of pension liabilities, and (5) any substantial estate or gift tax valuation understatement, sec. 6662(b). It is possible that a portion of an underpayment is attributable to one component, e.g., negligence, while another portion of the underpayment is attributable to a different component, e.g., gross or substantial valuation misstatement.[7] The section 6662(a) penalty is an ad valorem penalty, and its amount ultimately depends on the amount of tax underpayment.

The seemingly simple concept of penalty calculations, however, does not fit well in the context of TEFRA because partnerships are accounting mechanisms and are not subject to Federal income tax. See sec. 701. The section 6662 penalty, on the other hand, applies to a "portion of an *underpayment*". (Emphasis added.) The term "underpayment" is a defined term[8] and presupposes tax shown on the return or tax previously assessed or collected. See sec. 6664(a). For this reason, the amount of the penalty cannot be calculated without reference to the taxpayer's return, and the relevant return for purposes of the penalty calculation is the partner's return.

---

[7] The alternative components of the sec. 6662 penalty cannot be stacked, and the maximum accuracy-related penalty imposed on a portion of an underpayment may not exceed 20 percent of such portion (or 40 percent of the portion attributable to a gross valuation misstatement), even if such portion is attributable to more than one type of misconduct described in sec. 6662(b). See sec. 1.6662–2(c), Income Tax Regs.

[8] Sec. 6664(a) provides:

SEC. 6664(a). UNDERPAYMENT.—For purposes of this part, the term "underpayment" means the amount by which any tax imposed by this title exceeds the excess of—
    (1) the sum of—
        (A) the amount shown as the tax by the taxpayer on his return, plus
        (B) amounts not so shown previously assessed (or collected without assessment), over
    (2) the amount of rebates made.

As follows from the foregoing, the section 6662 partnership-level penalty cannot be calculated and assessed until a computational adjustment[9] is made to a partner's tax liability and the underpayment of tax on the partner's return is calculated. Because of the TEFRA partnership litigation structure, such calculation of the underpayment takes place after the partnership-level proceeding and/or partner-level affected items deficiency proceedings are completed.

The sequence of the penalty applicability determination at the partnership level and the subsequent calculation of the underpayment and penalty amounts creates further incongruities when a particular component of the penalty has a statutory floor. For example, the substantial or gross valuation misstatement component of the penalty applies only if the portion of the underpayment for the year that is attributable to substantial or gross valuation misstatements exceeds $5,000 ($10,000 in the case of a corporation other than an S corporation). See sec. 6662(e)(2); sec. 1.6662–5(b), Income Tax Regs. In the case of a return of a partnership or another pass-through entity, the determination of whether there is a substantial or gross valuation misstatement is made at the entity level. See sec. 1.6662–5(h)(1), Income Tax Regs. However, the dollar limitation ($5,000 or $10,000, as might be applicable), is applied at the taxpayer level, and the underpayment is calculated by reference to the partner return. See *id.* Accordingly, although it is possible that a statutory floor will ultimately not be met, the determination that a penalty applies nevertheless must be made at the partnership level, see secs. 6221, 6226(f), 6230(a)(2)(A)(i), and is necessarily conditioned upon a later verification that the statutory floor is met. That verification flows automatically from the recalculation of the partner's tax liability and is reflected in the resulting computational adjustment that is made to the partner's tax liability at the end of the partnership-level proceeding and/or the partner-level affected items deficiency proceeding. A similar scenario arises with respect to the substantial understatement component under section 6662(a), (b)(2), and (d).

---

[9] A computational adjustment is the change in the tax liability of a partner which properly reflects the treatment of a partnership item. See sec. 6231(a)(6).

As a consequence and in contrast to what occurs in deficiency cases, a peculiarity of TEFRA cases is that when a court enters a decision in the partnership-level proceeding stating that a section 6662(a) penalty applies, neither the amount of the penalty nor its allocation among partners is known until after the underpayment is calculated at the partner level. In fact, even if the court determines that the penalty applies, the amount of the penalty might be zero if the statutory floor is not met in the case of the substantial understatement and valuation misstatement components or if there is no underpayment by a partnership's partner. See, e.g., sec. 1.6662–5(b), Income Tax Regs. Nevertheless, under TRA 1997 the penalty that "relates to an adjustment to a partnership item" must be determined at the partnership level. [10] See sec. 6221.

III. *Negligence in This Case*

The majority holds that we have no jurisdiction over any component of the penalty in this case. I believe we have jurisdiction to determine that the section 6662 penalty attributable to negligence applies. [11] That penalty rests on the determination that the Petaluma partnership was a sham and is not recognized for Federal tax purposes and that all of the transactions in which it engaged, which were interrelated and preordained, were the result of negligence at the entity level. No other factual determinations need be made at the partner level to determine that the mischaracterization of Petaluma as a partnership for Federal income tax purposes and its claim that it received contributions of property from its partners and made distributions of

---

[10] The legislative history of TRA 1997 indicates that Congress amended secs. 6221, 6226(f), and 6230(a)(2)(A)(i) to lessen administrative burdens on the Commissioner and the courts and to require that culpability for a penalty or addition to tax be litigated at the level on which the relevant conduct occurs:

Many penalties are based upon the conduct of the taxpayer. With respect to partnerships, the relevant conduct often occurs at the partnership level. In addition, applying penalties at the partner level through the deficiency procedures following the conclusion of the unified proceeding at the partnership level increases the administrative burden on the IRS and can significantly increase the Tax Court's inventory.

H. Rept. 105–148, at 594 (1997), 1997–4 C.B. (Vol. 1) 319, 916.

[11] The substantial understatement component of the penalty under sec. 6662(a), (b)(2), and (d) would also apply if the statutory floor is met. Petitioner does not contend that the partnership had substantial authority or adequately disclosed the transaction. See sec. 6662(d)(2)(B); sec. 1.6662–4(f)(5), Income Tax Regs. (providing that disclosure in the case of items attributable to a pass-through entity is made with respect to the entity return).

property to its partners were negligent. Accordingly, whatever underpayment results from the nonexistence of the partnership and the adjustment to Petaluma's partnership status, which is a partnership item, is attributable to negligence at the partnership level.

As stated above, a penalty must be determined in a partnership-level proceeding if (1) it relates (2) to an adjustment (3) of a partnership item. See secs. 6221, 6226(f). The determinations that the Petaluma partnership was a sham, lacked economic substance, and should be disregarded for tax purposes are determinations of partnership items, and we have jurisdiction under section 6226(f) to decide them in a partnership-level proceeding. Petaluma II, 591 F.3d at 654. The determination that the partnership should be disregarded or that it, or the transactions in which it engaged, had no economic substance is an "adjustment" to a partnership item, and that is confirmed by a review of the FPAA. Consistent with respondent's determination that Petaluma was a sham for Federal tax purposes, the FPAA adjusted all partnership items, including contributions made by the partners and distributions made to the partners, claimed on the partnership return to zero.

The critical interpretive issue under sections 6221, 6226(f), and 6230(a)(2)(A)(i) is whether the section 6662 penalty "relates to" an adjustment of a partnership item. The majority does not interpret the phrase "relates to" but in effect applies it overly narrowly. Generally, words in revenue legislation should be interpreted according to their ordinary, everyday meaning. *Fort Howard Corp. & Subs. v. Commissioner*, 103 T.C. 345, 351 (1994) (citing *Commissioner v. Soliman*, 506 U.S. 168, 174 (1993)). "Relate" means, inter alia, "to show or establish logical or causal connection". Merriam Webster's Collegiate Dictionary 984 (10th ed. 1997). "Related" means, inter alia, "being connected; associated." The American Heritage Dictionary of the English Language 1473 (4th ed. 2000). There is a logical and causal relationship between the determination of sham (a partnership item) and the computational adjustments such determination produces at the partner level. Because the negligence component of the accuracy-related penalty relates to an adjustment to a partnership item (shamming of the partnership), we have jurisdiction under section 6226(f) to decide whether the accuracy-

related penalty attributable to negligence applies at the partnership level, and I would so hold. [12]

The majority states: "The effect of the mandate concerning the section 6662 penalty is that if the penalty does not relate directly to a numerical adjustment to a partnership item, it is beyond our jurisdiction." Majority op. p. 587. The majority thus requires that (1) a penalty *directly* relate to an adjustment, and (2) a *numerical* adjustment to a partnership item be the only type of partnership item adjustment invoking our penalty jurisdiction. Neither "directly" nor "numerical" appears in section 6226(f), which gives us jurisdiction to "determine * * * the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item." Section 6226(f) does not require that the penalty directly relate to an adjustment, nor does it distinguish between numerical and nonnumerical adjustments to a partnership item. In addition, the Petaluma FPAA contains both numerical adjustments, which are set forth in a Schedule of Adjustments, and the narrative Explanation of Items. The determination that the partnership was a sham is contained in the Explanation of Items and is reflected at least in part by the numerical adjustments to specific partnership items like partners' capital contributions and partner distributions, which are reduced to zero.

The majority also states:

In this case none of the FPAA adjustments are items that flow directly to the partner-level deficiency computation as computational adjustments. Any deficiencies must therefore be determined against the partners as affected items and must be resolved in separate partner-level deficiency procedures. The section 6662 penalties are all related to these adjustments, which have not yet been made by respondent. [Majority op. p. 586.]

_____

[12] Petitioner does not contest or disagree with the finding that the partnership was a sham. In fact, petitioner has conceded the applicability of the 20-percent accuracy-related penalty for either negligence or substantial understatement of income tax in the event that the higher 40-percent accuracy-related penalty for gross valuation misstatement does not apply. Petitioner is contesting only our jurisdiction to determine the sec. 6662 penalty for negligence. The parties stipulated:

If the Court determines that it has jurisdiction in this case, petitioner stipulates that he does not intend to call any witnesses or offer any evidence in this proceeding, or otherwise contest the determinations made in the FPAA other than the determination that the valuation misstatement penalty imposed by I.R.C. § 6662(a), (b)(3), (e), and (h) applies to any underpayment resulting from the adjustments to partnership items.

Although petitioner argues on remand that no component of the accuracy-related penalty applies, the argument seems to be an opportunistic grab for penalty relief on the basis of Petaluma II.

I interpret this statement to mean that our jurisdiction over the section 6662 penalty at the partnership level depends on whether the adjustment of a partnership item results in a computational adjustment that is directly assessed. I disagree with that statement because our jurisdictional grant under section 6226(f) is not so limited. Section 6226(f) unequivocally provides that we have jurisdiction to decide whether a penalty applies if it relates to an adjustment of a partnership item. In a Son-of-BOSS case like *Petaluma*, a taxpayer engages in a set of preordained and interrelated transactions to achieve an artificial and inflated tax loss. The use of a transient partnership is essential because the partnership enables the taxpayer-partner to ultimately claim the disputed loss. In the *Petaluma* version of Son-of-BOSS, the partners contributed pairs of offsetting options to the partnership. See Petaluma II, 591 F.3d at 650. When the partners withdrew from the partnership 2 months later, Petaluma liquidated their interests in the partnership by distributing cash and shares of Scient stock. *Id.* The partners then sold the distributed Scient stock and claimed an inflated basis in the stock to calculate the loss. *Id.* The inflated basis in the stock was (purportedly) possible only because of the partnership vehicle. Because of the interrelationship of the transactions and the interplay of the basis rules of subchapter K, the ultimate disallowance of the partner's loss is related to the adjustments to partnership items resulting from the partnership-level proceeding. It follows that we have jurisdiction to decide whether the section 6662 penalty attributable to negligence applies. Sec. 6226(f).

The accuracy-related penalty asserted in the Petaluma FPAA (other than the substantial valuation component of the penalty over which the Court of Appeals in Petaluma II held we had no jurisdiction) relates to the shamming of the partnership and to the resulting adjustments to partnership items such as contributions and distributions. The conduct that is being sanctioned occurred at the partnership level. The Petaluma partners could not have achieved the purported loss without the transient existence of the partnership. The section 6662 penalty with respect to the partnership misconduct must be determined at the partnership level. Secs. 6221, 6226(f); see also *Domulewicz v. Commissioner*, 129 T.C. at 20–21.

The majority relegates the issue of negligence at the partnership level to an affected items deficiency proceeding. That action is foreclosed by section 6230(a)(2)(A)(i), as amended by TRA 1997. As discussed above, under section 6230(a)(2)(A)(i), penalties, additions to tax, and additional amounts that relate to adjustments to partnership items no longer are subject to deficiency procedures. Although Congress recognized that a penalty related to an adjustment to a partnership item might require partner-level determinations, Congress nevertheless explicitly excepted the determination of such penalties from the deficiency provisions by amending section 6230(a)(2)(A)(i). Temporary regulations under section 6231 take a similar approach. See sec. 301.6231(a)(6)–1T(a)(2), Temporary Proced. & Admin. Regs., *supra* ("any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item may be directly assessed following a partnership proceeding, based on determinations in that proceeding, regardless of whether partner level determinations are required").

For these reasons, I would hold that we have jurisdiction to decide that the accuracy-related penalty attributable to negligence applies at the partnership level. [13]

COHEN, GALE, and PARIS, *JJ.*, agree with this dissent.

---

[13] In my opinion, a finding of negligence at the partnership level in a Son-of-BOSS case such as *Petaluma* does not preclude a finding of partner-level negligence. That is because of the unique nature of many Son-of-BOSS transactions, which require partnership level and partner-level actions to generate the loss. Notably, respondent took the positions in the FPAA that "Accuracy Penalties under IRC Section 6662 are included as a partnership level determination" and "I.R.C. Penalty 6662 is applicable at the individual partner level and may be raised in separate proceedings at the partner level following the present partnership proceeding." I interpret these seemingly contradictory statements to mean that a sec. 6662 penalty is asserted and may apply to both partnership-level conduct (such as claiming that a valid partnership existed) and to partner-level conduct (such as claiming an inflated outside basis for the property distributed by the partnership and sold by the partner).