Marvel, J., dissenting: In an effort to create order out of the uncertainty regarding our jurisdiction over the section 6662(a) accuracy-related penalty in partnership-level proceedings that was created by Petaluma FX Partners, LLC v. Commissioner, 591 F.3d 649 (D.C. Cir. 2010) (Petaluma II), aff’g in part, rev’g in part, vacating in part and remanding 131 T.C. 84 (2008), and Petaluma FX Partners, LLC v. Commissioner, 135 T.C. 581 (2010) (Petaluma III), the opinion of the Court offers an encyclopedic exposition regarding the interrelationship of the partnership provisions in chapter 1, subchapter K of the Internal Revenue Code and the partnership litigation provisions of the Tax Equity and Fiscal Responsibility Act of 1982 (tefra), Pub. L. No. 97-248, sec. 402, 96 Stat. at 648. It concludes that we have jurisdiction to impose the section 6662(a) accuracy-related penalty, including the 40% gross valuation misstatement component of that penalty, at the partnership level. Because I disagree with the attempt in the opinion of the Court to distinguish Petaluma II, which I believe we should follow under Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff’d, 445 F.2d 985 (10th Cir. 1971), I dissent as reflected in part I of this opinion. However, I believe that much of the analysis is correct and that Petaluma III was wrongly decided. I explain my reasoning in part II of this opinion. HH As explained more fully in part II, there is much in the opinion of the Court with which I agree, but its analysis flies in the face of Petaluma III and cannot be reconciled with it. I also disagree that there is an adequate basis for distinguishing Petaluma II. Consequently, for some of the same reasons set forth in Judge Holmes’ dissenting opinion, I reluctantly dissent from that part of the opinion of the Court that attempts to distinguish Petaluma II as interpreted and applied in Petaluma III. III. Despite my reservations about the effectiveness of the attempt to distinguish Petaluma II as interpreted and applied in Petaluma III, I believe Petaluma III was wrongly decided, but for reasons somewhat different from those the opinion of the Court suggests. I explain these reasons below. While I understand why the opinion of the Court concludes that outside basis is properly characterized as a partnership item in a case like Tigers Eye Trading, LLC where the partnership is disregarded, I do not believe that our jurisdiction over the section 6662(a) penalty depends upon that conclusion. I believe that we have jurisdiction to sustain the accuracy-related penalty at the partnership level in Son-of-BOSS cases in which we disregard the transitory partnership regardless of whether outside basis is a partnership item or an affected item. Before the enactment of the Taxpayer Relief Act of 1997 (TRA 1997), Pub. L. No. 105-34, sec. 1238, 111 Stat. at 1026, which amended sections 6221, 6226, and 6230 of the TEFRA partnership litigation provisions in the Code, penalties and additions to tax (collectively, penalty or penalties) were classified as affected items, and issues regarding such items were litigated in a partner-level affected item deficiency proceeding following the completion of the partnership-level proceeding. See, e.g., N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744-745 (1987). TRA 1997 did not change the classification of penalties as affected items, but it amended section 6221 to provide that the applicability of a penalty “which relates to an adjustment to a partnership item” must be determined at the partnership level. Of particular significance, TRA 1997 also amended section 6230(a)(2)(A)(i) to read as follows: SEC. 6230. ADDITIONAL ADMINISTRATIVE PROVISIONS. (a) Coordination with Deficiency Proceedings.— (1) In general. — Except as provided in paragraph (2) or (3), sub-chapter B of this chapter[1] shall not apply to the assessment or collection of any computational[2] adjustment. (2) Deficiency proceedings to apply in certain cases.— (A) Subchapter B shall apply to any deficiency attributable to— (i) affected items which require partner level determinations (other than penalties, additions to tax, and additional amounts that relate to adjustments to partnership items) * * * Because the change to section 6230(a)(2)(A)(i) deprived a partner of the opportunity to litigate issues concerning the applicability of a penalty that relates to an adjustment of a partnership item in an affected items deficiency proceeding, TRA 1997 added section 6230(c)(1)(C) to provide that a partner may file a claim for refund on the ground that “the Secretary erroneously imposed any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.” The House committee report described the reason for the change and explained the provisions as follows: Reasons for Change Many penalties are based upon the conduct of the taxpayer. With respect to partnerships, the relevant conduct often occurs at the partnership level. In addition, applying penalties at the partner level through the deficiency procedures following the conclusion of the unified proceeding at the partnership level increases the administrative burden on the IRS and can significantly increase the Tax Court’s inventory. Explanation of Provision The bill provides that the partnership-level proceeding is to include a determination of the applicability of penalties at the partnership level. However, the provision allows partners to raise any partner-level defenses in a refund forum. [H.R. Rept. No. 105-148, at 594 (1997), 1997-4 C.B. (Vol. 1) 319, 916.] See also S. Rept. No. 105-33, at 261 (1997), 1997-4 C.B. (Vol. 2) 1081, 1341. The above-described amendments to the TEFRA partnership litigation procedures (collectively, the penalty litigation amendments) changed the landscape of penalty litigation by requiring that issues regarding the application of penalties be litigated in the first instance in the partnership-level proceeding and not in partner-level affected items deficiency proceedings, as was the case before the effective date of the penalty litigation amendments. The only qualifier that Congress imposed is that the penalty relate to an adjustment to a partnership item. Secs. 6221, 6226(f). Congress did not define the word “relate”,[3] nor did Congress tie the penalty determination to the existence of a computational adjustment that could be summarily assessed at the end of the partnership-level proceeding. In fact, Congress did not otherwise address the mechanics of the TEFRA partnership litigation procedures as they apply to penalties. When Congress enacted the penalty litigation amendments, it was well aware that a partnership-level proceeding under TEFRA does not result in the determination of an underpayment at the partnership level. Underpayments are calculated at the partner level after a partnership-level proceeding is completed and/or after an affected items deficiency proceeding (which occurs if an affected item requires a factual determination at the partner level) is completed. Nevertheless, Congress required that penalties that relate to the adjustment of a partnership item be litigated in the partnership-level proceeding and not in an affected items deficiency proceeding. Congress did this to eliminate duplicative litigation of the same issue in affected items deficiency proceedings and to take advantage of the partnership-level proceeding, in which all of the purported partners are bound by the outcome. See sec. 6221; see also H.R. Rept. No. 105-148, supra at 594, 1997-4 C.B. (Vol. 1) at 916. Congress did not limit the required relationship to those partnership items the adjustment of which flows through to the partners’ Federal income tax returns and results in a computational adjustment to the partners’ tax liabilities at the end of the partnership-level proceeding as we held in Petaluma III. In the notice of final partnership administrative adjustment (fpaa) issued to Tigers Eye Trading, llc (Tigers Eye), respondent made adjustments to a variety of partnership items and determined that the accuracy-related penalty under section 6662(a) applied. See op. Ct. pp. 81-85, 140. Specifically, in the FPAA respondent determined that the transitory and illusory partnership involved in the Tigers Eye Son-of-BOSS transaction must be disregarded for Federal income tax purposes. See id. p. 84. Respondent also reduced partnership items to zero to reflect that determination (capital contributions, distributions of property other than money, and other items). See id. p. 81. Each one of those adjustments was directly attributable to and was the result of the determination that the transitory and illusory partnership in Tigers Eye Trading, LLC must be disregarded for Federal income tax purposes. The analysis in the opinion of the Court illustrates in considerable detail that the relationship requirement imposed by section 6221 and referenced in section 6230(a)(2)(A)(i) is satisfied in Tigers Eye Trading, LLC. See id. pp. 103-109, 112-119, 123, 126-127. The section 6662(a) penalty clearly relates to respondent’s determinations to disregard the Tigers Eye partnership and to zero out specific partnership items such as contributions and distributions allegedly made by the purported partnership to the purported partners. Although the opinion of the Court incorporates this analysis to convince the reader that outside basis is a partnership item and not an affected item, see id. pp. 126-127, the analysis is particularly convincing on the real issue related to our penalty jurisdiction — whether the penalty in question “relate[s] to adjustments to partnership items”, see sec. 6230(a)(2)(A)(i); see also secs. 6221, 6226(f). It helps to put the discussion regarding the impact of the penalty litigation amendments on our penalty jurisdiction in tefra partnership litigation in context, and the opinion of the Court does that very well. The Tigers Eye Son-of-BOSS transaction relied upon and played off of the provisions of subchapter K (sections 701 through 777), and the anticipated tax benefits that the transaction was supposed to generate depended upon the existence of a valid partnership. Recognition of the partnership for Federal income tax purposes was essential to the success of the Son-of-BOSS transaction as a tax shelter. There is a logical and causal relationship between respondent’s determination to disregard a partnership without economic substance, his determination to adjust other partnership items, such as contributions and distributions, to zero, and his determination to impose the section 6662(a) accuracy-related penalty. All of the adjustments relate to and flow from respondent’s determination that the partnership is disregarded for Federal income tax purposes, and the determination to impose the accuracy-related penalty flows directly from and relates to the determination to disregard the transitory and illusory partnership. Under the penalty litigation amendments, that is all that Congress required for the penalty to be litigated in the partnership-level proceeding. Whether or not outside basis is at play (and, if so, whether outside basis is an affected item or in narrow circumstances a partnership item) should not control our resolution of whether we have jurisdiction to decide in a partnership-level proceeding whether the section 6662(a) penalty applies. What does control our resolution of the issue is whether the penalty relates to the adjustment of a partnership item. Absent any guidance from Congress regarding the meaning of the word “relates”, I, like the opinion of the Court, answer the question in the affirmative. The imposition of the section 6662(a) penalty is clearly related to the zeroing out of partnership items that results from a determination that the partnership must be disregarded for Federal income tax purposes. That relationship still exists even if the partnership-level proceeding does not result in computational adjustments to the partners’ income tax liabilities and related assessment at the end of the partnership-level proceeding and must await the completion of an affected items deficiency proceeding at the partner level. If the "relate to adjustments to partnership items” language of section 6230(a)(2)(A)(i) is narrowly construed to mean only a numerical adjustment of an item on a partnership return that flows through to the partners’ returns and results in computational adjustments to the partners’ tax liabilities at the end of the partnership proceeding, such an interpretation, I submit, would effectively repeal the penalty litigation amendments with respect to many, if not most, partnerships because the computation of the underpayment of the partners’ tax liabilities must await the completion of affected items deficiency proceedings. I do not believe that is what Congress intended when it enacted the penalty litigation amendments. Congress intended that in modern tax shelters involving partnerships, penalties related to the improper use of an illusory partnership as a mechanism for generating large non-economic losses should be litigated in the partnership-level proceeding. Congress did so because the relevant conduct, i.e., the establishment of the partnership, which includes the recording of partner contributions, the establishment of partner capital accounts, and adjustments to those accounts resulting from distributions, assumption of liabilities, and liquidations, occurs largely at the partnership level. Cf. H.R. Rept. No. 105-148, supra at 594, 1997-4 C.B. (Vol. 1) at 916. In the case of a disregarded partnership, regardless of whether a disallowance of outside basis is at play and regardless of whether outside basis is a partnership item or an affected item, any adjustment at the partner level is preceded by one or more adjustments to partnership items, and the section 6662(a) penalty relates to those partnership-level adjustments. Kroupa, J., agrees with part I of this dissent. Gale and Paris, JJ., agree with part II of this dissent. Subch. B (secs. 6211 through 6216) contains the provisions authorizing the Commissioner to issue notices of deficiency and provides the Tax Court with jurisdiction to redetermine those deficiencies. Sec. 6231(a)(6) defines a computational adjustment as “the change in the tax liability of a partner which properly reflects the treatment under * * * [TEFRA] of a partnership item.” “Relate” means, inter alia, “to show or establish logical or causal connection”. Merriam Webster’s Collegiate Dictionary 987 (10th ed. 1997). “Related” means, inter alia, “being connected; associated.” The American Heritage Dictionary of the English Language 1473 (4th ed. 2000). See, e.g., Domulewicz v. Commissioner, 129 T.C. 11, 21 n.13 (2007), aff’d in part and remanded on other grounds sub nom. Desmet v. Commissioner, 581 F.3d 297 (6th Cir. 2009); G-5 Inv. P’ship v. Commissioner, 128 T.C. 186, 189 n.7 (2007); Gustin v. Commissioner, T.C. Memo. 2002-64.